THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN G. S. MILLER, Appellant, *v.* HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Respondent.

156    407
d166   129
156    407
d168   347

1. LIQUOR TAX LAW — ASSIGNMENT OF CERTIFICATE AS SECURITY — RIGHT OF ASSIGNEE TO REBATE DEFEASIBLE BY VIOLATION OF LAW BY ASSIGNOR. If a liquor tax certificate, assigned by the original owner as collateral security, by an instrument empowering the assignee to surrender the certificate and receive the rebate thereon, is surrendered by the assignee and a rebate receipt issued to him, the right to payment of the rebate is suspended, by force of section 25 of the Liquor Tax Law (L. 1896, ch. 112, amd. L. 1897, ch. 312), by the arrest of the original owner of the certificate for a violation of that law, within thirty days from the date of the rebate receipt.

2. VIOLATION OF LAW BY COPARTNERSHIP. A violation of the Liquor Tax Law by one of a firm holding a certificate is a violation by the firm and subjects it to the restrictions upon the right of rebate prescribed by section 25, through the prosecution of the offending partner.

3. CERTIFICATE ISSUED TO FIRM ASSIGNED AS SECURITY — RIGHT OF ASSIGNEE TO REBATE, SUSPENDED BY VIOLATION OF LAW BY MEMBER OF FIRM. If a liquor tax certificate, issued to a firm and assigned as collateral security, is surrendered by the assignee, under a power given by the assignment, and a rebate receipt is issued to him, the arrest, within thirty days thereafter, of one of the firm for a violation of the Liquor Tax Law suspends the right of the assignee to the rebate.

*People ex rel. Miller* v. *Lyman*, 27 App. Div. 527, affirmed.

(Argued June 13, 1898; decided June 24, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 5, 1898, reversing an order of Special Term granting a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Tracy C. Becker* for appellant. When the interests of a holder in a liquor tax certificate have been duly assigned for value to an innocent third party, and that certificate has been surrendered and a duplicate rebate receipt issued to such assignee, he becomes the owner and holder thereof, and unless he is indicted within thirty days the said commissioner of excise has no right whatever to retain the rebate moneys, and refuse to issue the orders for the payment thereof to the proper city and state officers. (Black on Intoxicating Liquors, § 188; L. 1896, ch. 112, § 27, as amended by L. 1897, ch. 312; *Matter of Jenney*, 19 Misc. Rep. 246; *Niles* v. *Mathusa*, 19 Misc. Rep. 96; *Herman* v. *Goodson*, 18 Misc. Rep. 604.) The indictment of a member of a corporation or of a copartnership holding a license or liquor tax certificate, within thirty days after it has been surrendered and the duplicate rebate receipt issued to such firm, is not an indictment of "the person surrendering such certificate," within the meaning of the provisions of section 25 of the Excise Law, in reference to the surrender of such certificates and the payment of rebate moneys. (Excise Law, § 23, subds. 5, 7; *Bank of Buffalo* v. *Thompson*, 121 N. Y. 280.)

*Royal R. Scott* for respondent. The state commissioner contends that, as Henry Stauber was indicted and arrested

within thirty days from the date of the receipt of the tax certificate by him, said commissioner, the petition for surrender should not be granted until the final determination of such proceeding or action. (Liquor Tax Law, § 25 ; Black on Intoxicating Liquors, § 188; 50 N. Y. Supp. 977 ; *Matter of Johnson,* 18 Misc. Rep. 498; *Matter of Bradley,* 22 Misc. Rep. 301 ; *People ex rel.* v. *Murray,* 149 N. Y. 367; *People* v. *Durante,* 19 App. Div. 292; *Matter of Livingston,* 24 App. Div. 51; Liquor Tax Law, § 34, subd. 2; *Bagley* v. *Hamilton,* 25 App. Div. 428.) The assignment to Miller was only an equitable assignment, and his title was not perfected    (Liquor Tax Law, § 27.)

. GRAY, J.    This appeal presents a question of construction of certain provisions of chapter 112 of the Laws of 1896, as amended by chapter 312 of the Laws of 1897 ; being acts passed by the legislature in relation to the traffic in liquors within this state.

In May, 1897, the excise department of the state issued to the firm of Floss & Stauber a liquor tax certificate, authorizing them to sell, in the city of Buffalo, ales, wines, beer and spirituous liquors ; a payment being then made by them of the sum of $500, as the amount of the tax assessed under the statute.    Prior to their application for this certificate and by an instrument, dated April 30th, 1897, which recited the fact of the application having been made and that Miller, this relator, had advanced certain moneys to enable them to pay the tax required, they assigned to him their rights under the tax certificate, including the right to surrender and cancel the same and to receive any moneys due upon such surrender and cancellation.    On July 1st, 1897, the relator made application, as the assignee and the attorney in fact of Floss & Stauber, to the deputy excise commissioner to surrender the said tax certificate and he received a receipt for the same as for cancellation ; in which was stated the amount of the rebate payable upon such surrender.    On July 19th, 1897, Henry Stauber, one of the firm of Floss & Stauber, was indicted for a violation of the statute on July 11th, 1897, and, on July 21st, 1897, was arrested and upon being arraigned on July 29th, follow-

ing, entered a plea of not guilty. The trial under the indict-
ment had not been had at the commencement of this proceed-
ing. The proceeding was instituted, upon the refusal of the
state commissioner of excise, respondent herein, to pay the
excise tax rebate, to obtain a peremptory writ of mandamus
requiring him to do so. The answer interposed by the com-
missioner set up the violation by Stauber of the Liquor
Tax Law and his arrest therefor and claimed that by reason
thereof the petitioner and the said Floss & Stauber were not
entitled to the orders for the payment of the excise tax rebate.

At the Special Term of the Supreme Court the application
for the writ was granted; but the order granting the same
was reversed by the Appellate Division and the writ was dis-
missed. It was held at the Appellate Division that the viola-
tion of the Liquor Tax Law by one of the firm of Floss &
Stauber, within thirty days after the surrender of the liquor
tax certificate, deprived the assignee thereof of the right to
the rebate. The proposition thus decided presents the princi-
pal question for our review.

The statute, of which some of the provisions are thus
brought up for consideration, created a general and compre-
hensive system for the regulation and taxation of the traffic in
liquors within this state. It prescribed the conditions under
which the same may be carried on and provided for a super-
vision by a state commissioner of excise, who performs the
duties pertaining to his office with the aid of special deputies
and agents in the various counties. The provisions of the
statute go much beyond those of former excise laws; in
that they permit the holder of a liquor tax certificate to sur-
render the same for cancellation and to be allowed a rebate
upon the tax paid therefor, and they permit him to make a
voluntary sale, assignment or transfer thereof during the time
for which it was granted. These new provisions lend a com-
mercial value to the certificate which is issued, in addition to
the privilege conferred of trafficking in liquors; for the
holder not only is able to receive a rebate upon the amount
of the tax paid, if he desires to discontinue the liquor business,

1898.]      People ex rel. Miller v. Lyman.      411

N. Y. Rep.]      Opinion of the Court, per Gray, J.

but the certificate is valuable to him as a means of raising money by its sale or pledge. In the system, however, created by the statute, conditions are imposed which qualify the absolute right to receive payment of the rebate upon the surrender of the certificate. The particular condition now demanding our attention in this case is as follows, viz. : " If within thirty days from the date of the receipt of such certificate by the state commissioner of excise, the person surrendering such certificate shall be arrested or indicted for a violation of the Liquor Tax Law, or proceedings shall be instituted for the cancellation of such certificate, or an action shall be commenced against him for penalties, such petition shall not be granted until the final determination of such proceedings or action;" etc. (Sec. 25.) The clause, from which I have quoted, continues by providing that a conviction cancels the certificate and forfeits the rebate. If, in the present case, the transaction between Floss & Stauber and Miller, the petitioner, had been that of an actual sale of the certificate to the latter, the question of his right to receive payment of the rebate upon his surrender thereof, as affected by the subsequent proceedings against Stauber for a violation of the law, might be a very different one. The transaction in question, however, was not that of a sale, but that of an assignment to secure Miller in advancing to Floss & Stauber the moneys with which to pay the tax. Instead, therefore, of occupying the situation of a purchaser of the certificate, with the attendant right to carry on the business for which it was issued, in which case, by the terms of the statute, he would stand as an original applicant for and original owner of the certificate, his situation was that merely of an assignee thereof, who held it as collateral security for the repayment of his advances. He, therefore, was subject to the same conditions which attended the ownership of his assignors, to whom the certificate had been issued. On July 1st, 1897, the time when the petitioner Miller made application to surrender the certificate and to receive the rebate due thereon, Floss & Stauber stood towards the state commissioner of excise as the parties holding the

certificate and trafficking thereunder, and upon the surrender thereof, though made by a party appearing as their assignee, or attorney in fact, with power to surrender and receive payment of the rebate, the right with respect to such a payment was no greater than was possessed by Floss & Stauber. The rights conferred by the possession of the certificate were measured by the statute. The statute created a new and marketable privilege; subject, however, to restrictions and conditions affecting both its exercise and its value. The language of the statute above referred to is unmistakable in forfeiting the rebate, where, within thirty days from the date of the receipt of the certificate, the person surrendering it shall be arrested for a violation of the Liquor Tax Law. Now the "person surrendering the certificate" in the present case was not, in a legal sense, Miller; notwithstanding that by the instrument of assignment he was invested with the power to surrender it and to receive payment of the rebate. There having been no sale of the certificate, Floss & Stauber, to whom it was issued, were the parties to be affected by the cancellation. As a license granted to traffic in liquors, all rights or privileges pertaining thereto were made to depend upon the *status* of the holder under the statute. It seems to me very plain that Miller, as assignee, took the certificate subject to the conditions and restrictions, with which the holding of the same by Floss & Stauber was invested and, thus, when he elected to surrender the same in order to receive the rebate due thereon, his right to the payment was conditional and dependent upon the completion of the thirty days thereafter without a violation of the law by Floss & Stauber.

I am unable to see that the argument of the learned counsel for the appellant, that the proviso at the end of section 27, to the effect that no sale, assignment or transfer of a liquor tax certificate shall be made, except in accordance with the provisions of the Liquor Tax Law, nor permitted by any holder of a certificate who shall be convicted, or be under an indictment, etc., constitutes the sole limitation upon the right of the holder of the certificate to sell and transfer it, is of any avail.

That proviso was intended as a restriction upon the right accorded by the statute to the holder to sell or transfer liquor tax certificates. It in nowise impairs the effect of the conditional clause in section 25, heretofore referred to. If the petitioner was the transferee by purchase, as before suggested, his position might be a very different one under the act.

I think the Appellate Division was clearly right in the view of the question discussed; as it was, also, upon the question of whether the indictment of a member of the partnership of Floss & Stauber was an indictment of the person surrendering the certificate, within the meaning of the provisions of section 25. The violation by Stauber of the Excise Law, for which he was subsequently arrested and indicted, affected the partnership itself and made it amenable to the provisions of the law. The partnership could only act through the agency of its members and it would be absurd to hold that where, in the conduct of the business, one of them had violated the statute, the copartnership would not incur the attendant penalty. The copartnership may well be a legal entity; but that by no means imports that, in order to cancel its license to do business under the law, it must be indicted as such. A violation of the statute by one of the copartners is, in legal effect, a violation by the copartnership and subjects it to the forfeiture of the right to the rebate, prescribed by section 25.

The order should be affirmed, with costs.

All concur, except PARKER, Ch. J., and HAIGHT, J., dissenting.

Order affirmed.