LYMAN, State Commissioner, v. CHEEVER et al.

(Supreme Court, Special Term, Erie County. March, 1900.)

1. LIQUOR TAX CERTIFICATE—SURRENDER—REBATE.

Liquor Tax Law, § 25, provides that the holder of a liquor tax certificate may voluntarily, before arrest or indictment, surrender same for cancellation and rebate of the amount paid for the unexpired term, if there are no proceedings pending against him for violations of the liquor law, and provided that said certificate shall have at least one month to run at the time of surrender. *Held*, that one who surrenders a certificate for cancellation and rebate, and during the month following did not cease to traffic in liquor, was not entitled to the rebate.

2. SAME—BOND—LIABILITY.

Where the holder of a liquor tax certificate surrendered same for cancellation and rebate, as authorized by Liquor Tax Law, § 25, and had not then nor during the month following ceased the traffic in liquors, such surrender did not release the licensee nor his surety, guarantying that there would be no violations of the liquor tax law during the continuance of the certificate, from liability on the bond.

Action by Henry H. Lyman, as state commissioner of excise, against Thomas H. Cheever and another, to recover the penalty of a liquor tax bond. Demurrer to the complaint. Overruled.

Mr. Mead, for plaintiff.

Mr. Warner, for defendants.

KRUSE, J. The action is brought to recover the penalty of a bond given by the defendant Cheever, as principal, and the defendant guaranty company, as surety, for a violation of its conditions by the defendant principal illegally trafficking in liquor. It appears, in effect, by the complaint, that the certificate issued to the defendant principal, permitting him to traffic in liquors, was surrendered for cancellation and rebate on or about September 1, 1898, and that the violations occurred thereafter, in the same month. The complaint alleges, substantially, that the defendant principal had not, at the time of this surrender, ceased to traffic in liquor, and that he did not cease to traffic in liquor thereafter. The certificate would not, by its terms, expire until the 1st day of May succeeding the date of its surrender; for the liquor tax law provides that the taxes, under the provisions of that act, shall be assessed yearly, commencing on the 1st day of May, and, if the traffic is commenced after the 1st of May, the assessment shall be for the balance of the year proportionately. Liquor Tax Law, § 12.

One of the provisions of the bond is that the defendant principal will not violate any of the provisions of the liquor tax law while the business for which the certificate is given shall be carried on. Section 25 of the liquor tax law provides, in substance, that if the holder of a liquor tax certificate, who is authorized to sell liquor under the provisions of the act, against whom no complaint, prosecution, or action is pending, on account of any violation thereof, shall voluntarily, and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors during the term for which the tax is paid under such certificate, he may surrender such tax certificate, under certain other terms and conditions mentioned in said section, and which do not relate to any question involved or to be determined at this time. It will thus be seen that the right to surrender such certificate is not absolute, but depends upon certain conditions therein named, and an attempt to surrender the certificate without ceasing to traffic in liquor is ineffectual, I think, to exonerate the surety.

It is further contended on behalf of the plaintiff that, even if the defendant principal had ceased to do business at the time of the surrender, and violated the provisions of the liquor tax law at any time during the next succeeding 30 days, the defendant principal would not only lose his right to the rebate, but that he and his sureties would be liable upon the bond given at the time of receiving the liquor tax certificate authorizing the traffic in liquors. The court of appeals have held that neither the licensee nor his assignee is entitled to the rebate if the licensee violates the provisions of the liquor tax law within the 30 days after this tentative surrender (People v. Lyman, 156 N. Y. 407, 50 N. E. 1112), but I am not aware that the question of the liability of the surety upon the bond for such a violation has ever been decided. However that question may be determined, I am of the opinion that, under the allegations in this complaint alleging, in substance, that

the defendant principal had not ceased to traffic in liquor, as the act requires, the liability of the principal and surety upon this bond ·continued according to the original terms and conditions thereof.

The demurrer is therefore overruled, with costs, with leave to the defendants to answer withing 20 days after entry of judgment and notice thereof, upon payment of costs.