MARKS L. FRANK, Respondent, v. ETTA FORGOTSTON, Impleaded, etc., Appellant.

(Supreme Court, Appellate Term, June, 1900.)

Bond — Protecting assignee of liquor tax certificate against " any loss by reason of the title "— Non-delivery of certificate not a breach as to surety — Demurrer.

> Where a person duly assigns and warrants title to a liquor tax certificate, an assignable instrument, his failure to deliver it to his assignee does not, as to a surety, constitute a breach of an accompanying bond, protecting the assignee against any loss " by reason of the title ", as the delivery of the certificate is not necessary to the vesting of title.

> Where the complaint upon such a bond does not allege a breach other than the failure to deliver the certificate, the demurrer of a surety must be sustained.

Frank v. Forgotston, 30 Misc. Rep. 816, reversed.

APPEAL by the defendant, Etta Forgotston, from a judgment of the City Court of the city of New York, overruling a demurrer to the complaint herein.

James C. De La Mare, for appellant.

Philip J. Britt, for respondent.

*Per Curiam.* We think that the bond in suit, although inartificially expressed, was plainly intended to protect the plaintiff against any defect in the title to the property which had been assigned to him by the defendant John S. Forgotston. It was delivered simultaneously with an assignment from John S. Forgotston to the plaintiff, in which, for the consideration of the sum of $850, the former sold and transferred to the plaintiff certain chattels which are specially enumerated, together with "all right, title and interest in and to the liquor tax certificate now issued by the State excise authorities for the sale of liquor", etc., on the premises mentioned in said assignment. The assignment also contained a covenant on the part of the assignor "to warrant and defend the sale of the said goods and chattels hereby sold unto the said party of the second part, his executors, administrators and assigns against all and every person and persons whomsoever. And the party of the first part hereto for himself and his legal representatives does hereby warrant the title hereby given to the goods, chattels, etc., mentioned in the annexed schedule, and hereby agrees to forever defend the title to the same in behalf of the party of the second part hereto against any and all persons whatsoever." The schedule referred to, as annexed, contains an inventory of all of said goods and chattels, including, "1. Liquor tax certificate, No. 3866, dated May 4, 1897." The condition of the bond in suit is "that if the above-named Marks L. Frank shall lose any sum or sums of money by reason of the title to certain goods and chattels vested in him by a certain delivery thereof and a bill of sale executed simultaneously therewith on the 15th day of September, 1897, by John S. Forgotston, one of the parties to these presents, up to the amount of $850, or any part thereof, that for such sum of money as shall be lost by said Frank these presents shall be in full force and effect, otherwise to become null and void." The breach of the bond which is alleged in the complaint, is that the plaintiff has not received from the defendant John S. Forgotston, the said liquor tax certificate; but that the defendants have neglected and refused to deliver the same to the plaintiff. But this does not constitute a loss to the plaintiff growing out of

Supreme Court, Appellate Term, June, 1900. [Vol. 31.

any failure of title. The delivery of the certificate was not necessary to the vesting of title thereto in the plaintiff. That was fully accomplished by the written assignment, which in terms transferred whatever property interest there was in the license in question; and the failure of the vendor to actually deliver the certificate itself to the vendee, while doubtless it has occasioned loss to the plaintiff, has not caused a loss resulting from failure of title; and it is to indemnify the plaintiff against a loss of that character alone that the bond in question was given. That a liquor tax certificate is property that may be sold or hypothecated as security for a loan is well settled by authority. People v. Durante, 19 App. Div. 292; Niles v. Mathusa, 20 id. 483; People ex rel. Miller v. Lyman, 156 N. Y. 407, 409. It is, we think, fairly to be inferred from the facts that the bond was given in furtherance of the covenant of title which the assignment contains and as additional security against any failure of title on the part of John Forgotston to any of the property which he assumed to convey. The plaintiff's remedy, then, is apparently one against his assignor alone, based not upon a failure of title, but upon a failure to deliver one of the articles sold. As the defendant Etta Forgotston was not a party to the sale, but only to the bond upon which this action was brought, she can be made liable to the plaintiff only for a breach of the condition of the bond, and as no such breach seems to have been set up in the complaint, according to the construction which we have given to the said bond, no cause of action is stated against her, and her demurrer on that ground should have been sustained. As, however, it was overlooked in the court below, the judgment there rendered against the defendant Etta Forgotston must be reversed, with costs, but with leave to the plaintiff to amend his complaint within six days after the service upon his attorney of a copy of the judgment of reversal, upon payment of costs.

Present: BEEKMAN, P. J., GIEGERICH and O'GORMAN, JJ.

Judgment reversed, with costs, with leave to plaintiff to amend his complaint within six days after service of a copy of judgment of reversal, upon payment of costs.