(59 App. Div. 172.)

## PEOPLE ex rel. SEITZ v. LYMAN, Commissioner of Excise.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

INTOXICATING LIQUORS—TAX CERTIFICATE—SURRENDER—REBATE—VIOLATION OF LIQUOR LAW—PROSECUTION.

Liquor Tax Law, § 25, provides that the holder of a liquor tax certificate against whom no action is pending for a violation of the law may, before the expiration, surrender such certificate, and obtain a rebate, but if within 30 days after its surrender the person surrendering it is indicted for violating the law, and convicted, the certificate shall be canceled, and the rebate forfeited. Section 34 provides that, on conviction of a violation of the law, the holder of the certificate shall forfeit it, and be deprived of all rights thereunder. Section 42 provides that a judgment against a holder of a liquor tax certificate shall provide that the certificate, and all rights thereunder, be forfeited. The holder of a liquor tax certificate assigned it while an indictment was pending against him for violation of the law under a previous certificate, *Held*, that the assignee of the certificate was not entitled to a rebate on surrender thereof before the final determination of the indictment.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of Michael Seitz, against Henry H. Lyman, state commissioner of excise, to compel issuance of an order for payment of rebate on a liquor tax certificate. From an order denying the application (65 N. Y. Supp. 462), relator appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John A. Kamping, for appellant.
P. W. Cullinan, for respondent.

SEWELL, J. On or about the 29th day of April, 1898, a liquor tax certificate was issued to one John Warnock, authorizing him to traffic in liquors at 411 Hamilton avenue, Brooklyn. Thereafter the said Warnock assigned the certificate to the relator, who surrendered the same, and demanded payment of the rebate claimed to be due thereon. The state commissioner declined to issue an order for the payment of the rebate, on the ground that Warnock had been arrested and indicted for a violation of the liquor tax law, and that such indictment was pending and undetermined. Section 25 of the liquor tax law, which relates to the surrender of certificates and the payment of rebates, provides that:

"If a corporation, association, copartnership or person holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against which or whom no complaint, prosecution or action is pending on account of any violation thereof, shall voluntarily, and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors during the term for which the tax is paid under such certificate, such corporation, association, copartnership or person, or their duly authorized attorney may surrender such tax certificate to the officer who issued the same or to his successor in office, * * * and at the same time shall present to such officer a verified petition setting forth all facts required to be shown upon such application."

The statute then directs the officer to compute the rebate, execute duplicate receipts, and deliver one to the person entitled thereto, and to transmit the other, with the surrendered certificate and the peti-

tion, for cancellation to the commissioner of excise; and further
provides that:

"If within thirty days from the date of the receipt of such certificate by the
state commissioner of excise, the person surrendering such certificate shall be
arrested or indicted for a violation of the liquor tax law, or proceedings shall
be instituted for the cancellation of such certificate, or an action shall be com-
menced against him for penalties, such petition shall not be granted until the
final determination of such proceedings or action; and if the said petitioner be
convicted, or said action or proceedings be determined against him, said cer-
tificate shall be canceled and all rebate thereon shall be forfeited."

It appears by the petition in this proceeding that on the 9th day
of April, 1897, the said John Warnock was arrested and indicted for
an alleged violation of the liquor tax law on the 3d day of May, 1896,
while trafficking in liquors at 89 Prospect avenue, under another cer-
tificate; but it also set forth that at the time of the surrender of
the certificate by the relator, and the presentation of the petition, no
complaint, prosecution, or action was pending on account of any viola-
tion of the liquor tax law against the said John Warnock on account
of or for the period covered by the certificate surrendered, nor on ac-
count of any violation which occurred upon the premises No. 411
Hamilton avenue. It must be conceded that the relator took the
certificate subject to all the conditions which attended the owner-
ship of his assignor (In re Michell, 41 App. Div. 271, 58 N. Y. Supp.
632), and the question is therefore presented whether a person who
has been arrested and indicted for a violation of the statute, while
trafficking in liquors under one certificate, is entitled to a rebate upon
the surrender of a subsequent certificate before the final determina-
tion of the indictment. The privilege conferred by the certificate is
a property right, but it is subject to restrictions and conditions, and
is one the holder can forfeit. In re Lyman, 160 N. Y. 96, 54 N. E. 577.
Section 34 of the act defines the cases when the certificate is forfeited,
and provides that upon a conviction for a violation of the provisions of
this act the holder of the certificate shall be punished by fine or im-
prisonment, and in addition thereto shall forfeit the liquor tax cer-
tificate, and be deprived of all rights and privileges thereunder, and
of any right to a rebate of any portion of the tax paid thereon. Sec-
tion 42 provides that:

"If judgment be recovered against the holder of a liquor tax certificate in
any action for penalties, such judgment shall provide, in addition to the penal-
ties included therein. that such certificate and all rights thereunder of the
holder thereof, including all rebate moneys upon cancellation, be forfeited."

From these provisions of the statute it will be observed that a for-
feiture of the certificate and of the right to a rebate follows the judg-
ment as part of the penalty for any infraction of the law, and that this
forfeiture is no more restricted or limited to the term of the certificate
than the fine and imprisonment. The violation of the statute is the
ground for an indictment and an action, and it is quite clear that the
legislature intended that a judgment should be operative after another
certificate has been issued.

Section 25, permitting a person against whom no complaint, prose-
cution, or action is pending to surrender his certificate, and obtain
a rebate, before arrest and indictment, is in harmony with the plain

intention of the legislature to secure a proper observance of the provisions of the law as expressed in these sections providing for penalties and forfeitures. The language of this section is unmistakable. It only permits the holder of a liquor tax certificate, against whom no complaint, prosecution, or action is pending, to surrender it, and obtain a rebate, and it in terms provides that this must be before arrest or indictment. The learned judge was clearly right in his view of this question. This disability is not confined by the statute to a violation during the term of the certificate to be surrendered, and a surrender or rebate can be applied for only upon a petition showing that no complaint, action, or prosecution based upon any violation of the statute is pending.

The order appealed from was right, and should be affirmed, with costs. All concur.