In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, Appellant, for an Order Revoking and Canceling Liquor Tax Certificate No. 1,863, Issued to EDWARD DAVIDOFF and Transferred to HENRY LUCA, Respondent.

*Liquor tax certificate — an assignment thereof with the consent of a special deputy commissioner — it does not protect the assignee where his assignor has violated the statute — the special deputy is not chargeable with the knowledge of the State Commissioner.*

One Davidoff, to whom the special deputy commissioner of excise for the borough of Brooklyn had issued a liquor tax certificate, violated the Excise Law in the presence of three special agents of the State Commissioner of Excise. The special agents presumably reported the violation to the State Commissioner, but did not report it to the special deputy commissioner for the borough of Brooklyn.

Thereafter the special deputy commissioner for the borough of Brooklyn, acting pursuant to section 27 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by chap. 312 of the Laws of 1897), gave his consent to the transfer of the certificate by Davidoff to one Luca, who paid no consideration for such transfer.

It did not appear that the special deputy who approved of the transfer of the certificate knew of the violation of the certificate at the time he consented to the transfer, or that the State Commissioner of Excise knew of the transfer at the time such transfer was made and approved.

*Held*, that neither the fact that Luca claimed to be unaware of the violation at the time he accepted the transfer of the certificate, nor the further fact that the special deputy commissioner for the borough of Brooklyn had consented to such transfer, operated to prevent the State Commissioner of Excise from maintaining a proceeding against Davidoff and Luca for the cancellation of the certificate because of the violation in question;

That the consent given by the special deputy commissioner to the transfer did not operate to condone the violation for the benefit of either Davidoff or his successor, nor as an admission on the part of the special deputy commissioner, which would be binding upon the State Commissioner of Excise, that Davidoff had not violated the Excise Law;

That the knowledge of the State Commissioner of Excise was not the knowledge of the special deputy commissioner for the borough of Brooklyn, and that such special deputy commissioner owed no duty to Luca to inform himself as to whether Davidoff had violated the law before approving the transfer of the certificate.

APPEAL by the petitioner, Patrick W. Cullinan, as State Commissioner of Excise, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the

clerk of the county of Kings on the 21st day of April, 1903, deny ing the petitioner's motion to revoke and cancel liquor tax certificate No. 1,863, issued to Edward Davidoff and transferred to Henry Luca, and also from a judgment for costs against the appellant entered in said clerk's office on the 23d day of April, 1903, upon the above-mentioned order.

*Herbert H. Kellogg*, for the appellant.

*William W. Butcher*, for the respondent.

HIRSCHBERG, J.:

The main question presented in this appeal is whether all the officers of the department of excise owe a duty of active vigilance to inform the prospective purchaser of a liquor tax certificate of any violation of law by the holder of such certificate of which any of the officers, State or local, may be aware. The certificate in question was issued to Edward Davidoff by the special deputy commissioner of excise for the borough of Brooklyn, designating certain premises in that borough as the place where the traffic in liquor was to be carried on, and during the time he was trafficking under it he violated the law at the place designated by selling liquor on Sunday, August 3, 1902. The violation was committed in the presence of three special agents of the State Commissioner of Excise, who presumably reported the fact to the State Commissioner, under whose instructions they were acting, but according to the evidence did not report it to the Brooklyn special deputy. On the fourth of September following the certificate was transferred, with the consent of the special deputy, to the respondent Henry Luca, who, about one month later, surrendered the certificate to the special deputy and applied for the rebate. Within thirty days after the receipt of the surrendered certificate by the State Commissioner this proceeding was instituted for a cancellation and revocation of the certificate against both Davidoff and Luca. The respondent Luca alone defended the proceeding, his defense being based solely upon the ground that at the time the certificate was transferred to him he did not know of the violation of the law by Davidoff. As to the fact of the violation of the law there was no dispute; but

the learned court at Special Term dismissed the proceeding with costs, filing an opinion to the effect that the purpose of the excise department in securing evidence of the violation of the law was in order to save the necessity of paying the rebate in case the certificate should at any time be turned in for cancellation; that the approval of the transfer of the certificate to Luca by the special deputy was "made without any notice being given to Luca of the violation of the law which rendered it revocable, and Luca purchased and took the license for value without notice," and that the case accordingly presented is one of "equitable estoppel in the familiar principle that one who stands by and sees another purchase property without giving notice of his own claim is estopped from afterward asserting it, * * * not that the transfer was assented to by the department but, that knowing a purchase by Luca was about to be made, it did not give notice of the violations of which it had the proof."

Assuming that the doctrine of equitable estoppel is applicable to this case there was nothing established to invoke it. There was no proof either that the special deputy who approved the transfer knew of the violation or that the State Commissioner of Excise knew of the transfer at the time it was made and approved. There can be no obligation to speak save on the part of one having knowledge, and the disposition of the case at Special Term can only be upheld on the theory that the knowledge of each officer in the excise department is the knowledge of all, and that the local officer who approved the transfer of the certificate owed a duty to Luca to inform himself of violations of the law in order to warn the latter against the purchase of a revocable certificate. The statute imposes no such obligation, and no case is cited in support of its existence.

There was no evidence that the transfer to Luca was for value. On the contrary, all the evidence on that subject was given by Luca, and is as follows: "Q. You did not pay Davidoff anything for that certificate, did you? (No answer.) By the referee: Q. Did you pay Davidoff anything for that license? A. Not at that time; no. By Mr. Kellogg: Q. Did you pay Davidoff anything at any time? A. No, I did not. * * * By the referee: Q. You said when the license was transferred you did not pay anything for it? A.

No.   Q. Well, how did it happen; why didn't you pay for it? Did Davidoff give it to you? How was it you didn't pay anything for it? Did you buy the place from Davidoff? A. No. Q. Well, how came you to go there? A. The place was idle. By Mr. Kellogg: Q. Who owned the saloon and bar fixtures — from whom did you get them? A. You have me, I don't know; I didn't pay for any. Q. You don't know who owned them when you went in there? A. I tell you the honest truth, I don't know who owned them."

In connection with this undisputed proof that Luca was placed in possession both of the saloon and of the certificate without consideration of any kind, there was evidence in relation to the circumstances and the agency by which the transfer was effected which would have fairly warranted a finding that the certificate was placed in his name in the hope of avoiding the consequences of the violation of the law committed by Davidoff on August 3, 1902.

On the practically conceded facts disclosed by the record, it seems clear that the petitioner was entitled to the order of cancellation applied for. By section 25 of the Liquor Tax Law (Laws of 1896, chap. 112, as amd. by Laws of 1900, chap. 367) it is expressly provided that if within thirty days from the receipt of the surrendered certificate by the State Commissioner of Excise proceedings shall be instituted for its cancellation, the petition for surrender shall not be granted nor the rebate paid until the final determination of the proceedings, and if the proceedings be determined against the petitioner who has applied for the surrender the rebate shall be forfeited. It has been held that these provisions constitute conditions precedent to the right of surrender; that the property right in the rebate does not attach if there is a prosecution pending at the time of the surrender or within thirty days thereafter, and that an assignee of the certificate has no greater right to the rebate than the original holder, notwithstanding that the prosecution is for an offense against the law committed by the latter. (*People ex rel. Miller* v. *Lyman*, 156 N. Y. 407; *People ex rel. Frank Brewery* v. *Cullinan*, 168 id. 258, 262. See, also, *People ex rel. Seitz* v. *Lyman*, 59 App. Div. 172, and *People ex rel. Ochs* v. *Hilliard*, 81 id. 71.)

The transfer of the certificate to Luca could not of itself operate to deprive the State of its right to enforce the provisions of the law.

By section 27 of the Liquor Tax Law (as amd. by Laws of 1897, chap. 312) it is made the duty of the officer who issued the certificate, or his successor in office, to consent to the transfer, provided proper papers are presented as therein prescribed, and while the section further provides that no such transfer shall be permitted by any holder of a certificate who shall have violated any provision of the law, there is nothing to suggest that the act of the officer in consenting to the transfer without actual knowledge of a violation, condones the offense for the benefit either of the transgressor or his successor.  Such a theory is alien to the nature and the purpose of police regulations.  Nor can such consent be regarded as equivalent to an admission on the part of the officer that the assignor has not violated the law or to an adjudication on that subject which would be binding upon the State Commissioner.  As was said in *People ex rel. Stevenson Co.* v. *Lyman* (67 App. Div. 446, 449) of the somewhat similar provision of section 25 (as amd. by Laws of 1897, chap. 312), requiring the officer who issued the certificate, or his successor in office, to make duplicate receipts for the rebate upon presentation of the certificate for cancellation, " we cannot find any provision of the statute which makes any action upon the part of the Deputy Commissioner an adjudication upon that subject.  *  *  *  There is no power given to him to pass upon the truth of the allegations in the petition, and although undoubtedly if he refused to issue a receipt, he could not be compelled to do so unless the applicant showed that the conditions precedent to the issuance of a receipt had been fulfilled, yet we cannot find anywhere in the statute any authority upon his part to pass upon that question, or to make any admissions relating thereto which will be binding upon the State Commissioner."

It is not claimed, of course, that Davidoff, had he retained the certificate in his own name, could have enforced the payment of the rebate, or that he could have successfully defended proceedings instituted for revocation.  He could not on well-settled principles by a mere voluntary transfer of the certificate without consideration confer upon another any greater right to the rebate than he himself possessed, nor could such a transfer operate to deprive the authorities of the right to compel a forfeiture by legal proceedings instituted in good faith under the law and within its precise terms.

The order and judgment should be reversed and the application of the petitioner granted, with costs and the costs of this appeal.

GOODRICH, P. J., BARTLETT and HOOKER, JJ., concurred; WOODWARD, J., concurred in result.

Judgment and order reversed and application granted, with fifty dollars costs and ten dollars costs and disbursements of this appeal.