In re CULLINAN, State Com'r of Excise.

(Supreme Court, Appellate Division, Second Department. October 2, 1903.)

1. LIQUOR TAX CERTIFICATES—REVOCATION—RIGHT OF ASSIGNEE.

Under Liquor Tax Law (Laws 1896, p. 67), c. 112, providing that if, within 30 days from the receipt of the surrendered certificate by the state commissioner of excise, proceedings shall be instituted for its cancellation, the petition for surrender shall not be granted, nor the rebate paid, until the final determination of the proceedings, and if the proceedings be determined against the petitioner the rebate shall be forfeited, the transfer of a certificate without consideration cannot prevent the authorities from compelling a forfeiture by proceedings instituted within proper time, though the prosecution is for an offense committed by the original holder.

2. SAME—APPROVAL OF TRANSFER—OFFICER'S KNOWLEDGE—ESTOPPEL TO ENFORCE FORFEITURE.

Under Liquor Tax Law (Laws 1896, p. 68) c. 112, § 27, authorizing the officer issuing the certificate to consent to its transfer, and providing that no such transfer shall be permitted by any holder of a certificate who shall have violated any provision of the law, the approval of a transfer of a certificate by a deputy without actual knowledge of a violation of the law, and made without the knowledge of the state commissioner, cannot preclude the commissioner from proceeding against the assignee to revoke the certificate, though he knew of the violation when the transfer was made, on the ground that the knowledge of the commissioner was the knowledge of the deputy, which should have been communicated to the assignee.

Appeal from Special Term, Kings County.

In the matter of the petition of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling liquor tax certificate No. 1,863, issued to Edward Davidoff, and transferred to Henry Luca. From an order denying the petitioner's motion, and from a judgment for costs of the proceeding, petitioner appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Herbert H. Kellogg, for appellant.

William W. Butcher, for respondent.

HIRSCHBERG, J. The main question presented in this appeal is whether all the officers of the department of excise owe a duty of active vigilance to inform the prospective purchaser of a liquor tax certificate of any violation of law by the holder of such certificate of which any of the officers, state or local, may be aware. The certificate in question was issued to Edward Davidoff by the special deputy commissioner of excise for the borough of Brooklyn, designating certain premises in that borough as the place where the traffic in liquor was to be carried on, and, during the time he was trafficking under it, he violated the law at the place designated by selling liquor on Sunday, August 3, 1902. The violation was committed in the presence of three special agents of the state commissioner of excise, who presumably reported the fact to the state commissioner, under whose instructions they were acting, but, according to the evidence, did not report it to the Brooklyn special deputy. On the 4th of Sep-

83 N.Y.S.—65

tember following, the certificate was transferred, with the consent of the special deputy, to the respondent, Henry Luca, who, about one month later, surrendered the certificate to the special deputy and applied for the rebate. Within 30 days after the receipt of the surrendered certificate by the state commissioner, this proceeding was instituted for a cancellation and revocation of the certificate against both Davidoff and Luca. The respondent, Luca, alone defended the proceeding; his defense being based solely upon the ground that at the time the certificate was transferred to him he did not know of the violation of the law by Davidoff. As to the fact of the violation of the law there was no dispute; but the learned court at Special Term dismissed the proceeding, with costs, filing an opinion to the effect that the purpose of the excise department in securing evidence of the violation of the law was in order to save the necessity of paying the rebate in case the certificate should at any time be turned in for cancellation; that the approval of the transfer of the certificate to Luca by the special deputy was "made without any notice being given to Luca of the violation of law which rendered it revocable, and Luca purchased and took the license for value, without notice"; and that the case accordingly presented is one of "equitable estoppel, on the familiar principle that one who stands by and sees another purchase property without giving notice of his own claim is estopped from afterwards asserting it, * * * not that the transfer was assented to by the department, but that, knowing a purchase by Luca was about to be made, it did not give notice of the violation of which it had the proof."

Assuming that the doctrine of equitable estoppel is applicable to this case, there was nothing established to invoke it. There was no proof either that the special deputy who approved the transfer knew of the violation, or that the state commissioner of excise knew of the transfer at the time it was made and approved. There can be no obligation to speak, save on the part of one having knowledge; and the disposition of the case at Special Term can only be upheld on the theory that the knowledge of each officer in the excise department is the knowledge of all, and that the local officer who approved the transfer of the certificate owed a duty to Luca to inform himself of violations of the law in order to warn the latter against the purchase of a revocable certificate. The statute imposes no such obligation, and no case is cited in support of its existence.

There was no evidence that the transfer to Luca was for value. On the contrary, all the evidence on that subject was given by Luca, and is as follows:

"Q. You did not pay Davidoff anything for that certificate, did you? (No answer.) By the Referee: Q. Did you pay Davidoff anything for that license? A. Not at that time; no. By Mr. Kellogg: Q. Did you pay Davidoff anything at any time? A. No; I did not. * * * By the Referee: Q. You said when the license was transferred you did not pay anything for it? A. No. Q. Well, how did it happen? Why didn't you pay for it? Did Davidoff give it to you? How was it you didn't pay anything for it? Did you buy the place from Davidoff? A. No. Q. Well, how came you to go there? A. The place was idle. By Mr. Kellogg: Q. Who owned the saloon and bar fixtures? From whom did you get them? A. You have me. I don't know. I didn't

pay for any. Q. You don't know who owned them when you went in there?' A. I tell you the honest truth. I don't know who owned them."

In connection with this undisputed proof that Luca was placed in, possession both of the saloon and of the certificate without considera-, tion of any kind, there was evidence in relation to the circumstances and the agency by which the transfer was effected which would have fairly warranted a finding that the certificate was placed in his name in, the hope of avoiding the consequences of the violation of the law committed by Davidoff on August 3d.

On the practically conceded facts disclosed by the record, it seems clear that the petitioner was entitled to the order of cancellation applied for. By section 25 of the liquor tax law (chapter 112, p. 67, Laws 1896, as amended) it is expressly provided that if, within 30 days from the receipt of the surrendered certificate by the state commissioner of excise, proceedings shall be instituted for its cancellation, the petition for surrender shall not be granted, nor the rebate paid, until the final determination of the proceedings, and, if the proceedings be determined against the petitioner who has applied for the surrender, the rebate shall be forfeited. It has been held that these provisions constitute conditions precedent to the right of surrender, that the property right in the rebate does not attach if there is a prosecution pending at the time of the surrender or within 30 days thereafter, and that an assignee of the certificate has no greater right to the rebate than the original holder, notwithstanding the prosecution is for an offense against the law committed by the latter. People ex rel. Miller v. Lyman, 156 N. Y. 407, 50 N. E. 1112; People ex rel. Frank Brewery v. Cullinan, 168 N. Y. 262, 61 N. E. 243. See, also, People ex rel. Seitz v. Lyman, 59 App. Div. 172, 69 N. Y. Supp. 111, and People ex rel. Ochs v. Hilliard, 81 App. Div. 71, 81 N. Y. Supp. 792.

The transfer of the certificate to Luca could not of itself operate to deprive the state of its right to enforce the provisions of the law. By section 27 (chapter 112, p. 68) of the liquor tax law it is made the duty of the officer who issues the certificate to consent to the transfer, provided proper papers are presented as therein prescribed; and, while the section further provides that no such transfer shall be permitted by any holder of a certificate who shall have violated any provision of the law, there is nothing to suggest that the act of the officer in consenting to the transfer without actual knowledge of a violation condones the offense, for the benefit either of the transgressor or his successor. Such a theory is alien to the nature and the purpose of police regulations. Nor can such consent be regarded as equivalent to an admission on the part of the officer that the assignor has not violated the law, or to an adjudication on that subject which would be binding upon the state commissioner. As was said in People ex rel. Stevenson Co. v. Lyman, 67 App. Div. 446, 449, 73 N. Y. Supp. 987, of the somewhat similar provision of section 25 (supra), requiring the officer who issued the certificate to make duplicate receipts for the rebate upon presentation of the certificate for cancellation:

"We cannot find any provision of the statute which makes any action upon the part of the deputy commissioner an adjudication upon that subject

\* \* \* There is no power given to him to pass upon the truth of the allegations in the petition, and although, undoubtedly, if he refused to issue a receipt, he could not be compelled to do so unless the applicant showed that the conditions precedent to the issuance of a receipt had been fulfilled, yet we cannot find anywhere in the statute any authority upon his part to pass upon that question, or to make any admissions relating thereto which will be binding upon the state commissioner."

It is not claimed, of course, that Davidoff, had he retained the certificate in his own name, could have enforced the payment of the rebate, or that he could have successfully defended proceedings instituted for revocation. He could not, on well-settled principles, by a mere voluntary transfer of the certificate without consideration, confer upon another any greater right to the rebate than he himself possessed; nor could such a transfer operate to deprive the authorities of the right to compel a forfeiture by legal proceedings instituted in good faith under the law, and within its precise terms.

The order and judgment should be reversed, and the application of the petitioner granted, with $50 costs, and $10 costs of this appeal.

GOODRICH, P. J., and BARTLETT and HOOKER, JJ., concur. WOODWARD, J., concurs in result.