(88 Misc. Rep. 259)

In re FARLEY, State Excise Com'r.

(Supreme Court, Special Term, New York County. December, 1914.)

INTOXICATING LIQUORS (§ 106*)—LIQUOR TAX CERTIFICATE—REVOCATION—GROUNDS.

The revocation of a prior liquor tax certificate, because of the prior certificate holder permitting her place to become disorderly, entitled the commissioner of excise to an order of revocation of a subsequent certificate issued to the person who violated the law, but who, under authority of Liquor Tax Law (Consol. Laws, c. 34) § 26, as amended by Laws 1911, c. 407, transferred the subsequent certificate to an innocent person to traffic in liquors at other premises, before the order of revocation of the prior certificate was made.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. § 106.*]

Petition by William W. Farley, as State Commissioner of Excise, for an order revoking and canceling liquor tax certificate No. 4563,

issued to Fanny Mehlsak and transferred to Rosina Sasso. Certificate revoked.

A. M. Sperry, of Albany, for petitioner.

Ashbel P. Fitch and Mott & Grant, all of New York City, for respondent Sasso.

HENDRICK, J. The facts here are not in dispute. There was issued to one Fanny Mehlsak a liquor tax certificate, No. 4638, for premises No. 394 First avenue, New York City, for the excise year commencing October 1, 1912, and ending September 30, 1913. In March, 1914, the state commissioner of excise commenced a proceeding against Fanny Mehlsak to revoke the certificate No. 4638 for a violation of the Excise Law, alleged to have been committed on September 26 and 27, 1913, in that she permitted the premises No. 394 First avenue to become disorderly on those days. The proceeding resulted in the revocation of the certificate on May 19, 1914, because of the violation referred to, although her right to traffic in liquors under that certificate at the First avenue premises had expired on September 30, 1913. The certificate No. 4563, which is sought to be revoked in this proceeding, was issued to Fanny Mehlsak for the First avenue premises on September 27, 1913, for the excise year commencing October 1, 1913, and ending September 30, 1914. That certificate, No. 4563, with the consent of the certificate issuing office, was transferred on November 3, 1913, to one Rosina Sasso, and to premises No. 423 Hudson street, New York City, and the First avenue premises abandoned for traffic in liquors, in accordance with the provisions of the Liquor Tax Law in such case provided. It is not disputed that the transfer was made long before the proceeding to revoke certificate No. 4638 was commenced, nor that respondent had any knowledge of a violation of the law which took place in September, 1913, by Fanny Mehlsak at the First avenue premises, and it is not claimed that respondent has violated the law at the Hudson street premises since she became the certificate holder or that her premises are not properly conducted.

The question is thus presented: Does the revocation of a prior certificate for a violation of law by a former certificate holder entitle the commissioner of excise to an order of revocation of a subsequent certificate, issued to the person who violated the law, but who transferred the subsequent certificate to an innocent party to traffic in liquors at other premises before the order of revocation of the prior certificate was made? Section 26 of the Liquor Tax Law (Laws 1909, c. 39, as amended by Laws 1911, c. 407) provides that a liquor tax certificate may be sold, assigned, or transferred, but—

"no such sale, assignment or transfer shall be made except in accordance with the provisions of this chapter, nor permitted by any holder of a certificate who (a) shall have been convicted, (b) or be under indictment, (c) or against * * * whom a complaint under oath shall have been made, and be pending, for violating the provisions of this chapter, (d) or *who shall have violated any provision of this chapter.*"

Conditions are thus imposed which qualify the absolute right to a transfer of the certificate. The right to transfer a certificate is de-  .

pendent upon these conditions, and all of them must not only exist at the time of the transfer, but it is also required that the holder shall not have violated any provision of the Liquor Tax Law. Fanny Mehlsak, by permitting her place to become disorderly on September 26 and 27, 1913, violated the law and forfeited her right to a new certificate for a period of one year. Liquor Tax Law, § 15, subd. 8; People ex rel. Hupfel's Sons v. Cullinan, 95 App. Div. 598, 88 N. Y. Supp. 1022. There can be no doubt that a violation of the law by Fanny Mehlsak under her certificate expiring September 30, 1913, would have made the subsequent certificate held by her revocable, as the right to a cancellation of a certificate, when it is warranted by the evidence, exists at the date of the institution of the proceedings, and is not impaired by the expiration of the license. Matter of Farley, 161 App. Div. 205, 146 N. Y. Supp. 473. The limitation or forfeiture of the rights of a certificate holder in a liquor tax certificate equally affects the rights of his assignees, who take it "subject to the conditions and restrictions with which the holding of the same by the assignor was invested" (People ex rel. Miller v. Lyman, 156 N. Y. 407, 50 N. E. 1112), and a certificate held by an assignee may be revoked for a violation of the law committed by the assignor, even though the assignee be an innocent party (Matter of Cullinan, 87 App. Div. 47, 83 N. Y. Supp. 1025; Matter of Cullinan v. Gretes, 104 App. Div. 205, 93 N. Y. Supp. 492, affirmed without opinion 185 N. Y. 546, 77 N. E. 1184). Therefore I hold petitioner is entitled to judgment revoking certificate No. 4563.

Certificate revoked.