In the Matter of the Petition of HENRY H. LYMAN, as State Commissioner of Excise, Respondent, for an Order Revoking and Canceling Liquor Tax Certificate No. 11,843, Issued to CHARLES G. SPEIDEL, Appellant.

1. LIQUOR TAX LAW — FAILURE TO ANSWER QUESTION IN APPLICATION FOR CERTIFICATE NOT A FALSE ANSWER. Where the applicant for a certificate under the Liquor Tax Law (L. 1896, ch. 112, as amd. by L. 1897, ch. 312) has in his application affirmatively answered a question as to whether he intended to carry on a *bona fide* hotel on the premises, but does not answer at all the next question as to whether such hotel meets the requirements of section 31 of the law, his failure to answer such question cannot be regarded as an affirmative answer or equivalent to it, so as to support a charge that a material statement in the application was false, and a cancellation of the certificate upon that ground cannot be sustained in a proceeding instituted after he has voluntarily surrendered the certificate.

2. FORFEITURE OF REBATE UNDER SECTION 28, SUBD. 2. — THE PHRASE "ANY OTHER REASON" SHOULD BE DEFINED BY STATUTE. Where the forfeiture of the rebate allowed after the voluntary surrender by the holder of a certificate under the Liquor Tax Law, must rest upon "any other reason" (§ 28, subd. 2) than the grounds specifically stated in the statute, it should appear in the statute itself, or in some other statute, what is meant by such phrase, and should not be left to the accuser to devise it or for the court to spell it out in penal cases, from reasons of public policy.

3. SPECIFICATIONS IN SUPPORT OF UNSUSTAINED CHARGE OF VIOLATION OF THE LAW FALL WITH THE CHARGE. When, in a proceeding taken after

the voluntary surrender of a liquor tax certificate, its revocation is sought for the sole purpose of forfeiting the rebate allowed for the unexpired term upon a charge, which is not sustained, that the holder had made a material false statement in his application therefor, the specifications of its alleged falsity fall with the charge and cannot be used for the purpose of spelling out some reason, permissible to be implied by the phrase "any other reason" used in the statute, which will sustain a conviction of not being entitled to hold the certificate.

*Matter of Lyman*, 51 App. Div. 52, reversed.

(Argued June 7, 1900; decided June 22, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 10, 1900, affirming an order of Special Term revoking and canceling a liquor tax certificate.

This was a proceeding instituted October 22, 1899, under subdivision 2, section 28 of the Liquor Tax Law (L. 1896, ch. 112, as amd. by L. 1897, ch. 312), to revoke and cancel a liquor tax certificate issued to the defendant May 18, 1899, after he had on October 2, 1899, surrendered the certificate and demanded the rebate for the unexpired term.

In his application therefor he affirmatively answered a question numbered 25, "Does the applicant intend to carry on a *bona fide* hotel on such premises?" He did not answer question numbered 26, "If so, do said premises meet the requirements of section thirty-one of said law as to hotels, and do they comply with all laws, ordinances, rules and regulations of the state and locality where situated, pertaining to the building, fire and health departments, applicable to hotel-keepers."

The petitioner alleged that the defendant from the date of said certificate had been engaged in the traffic in liquors at the above-named premises, and "is now engaged in such traffic;" that the statement "contained in said statement filed by said defendant with the special deputy commissioner of excise as aforesaid, in answer to question No. 26 in said statement contained, was and is a material statement, and was and is false; that the said premises did not and do not meet the requirements of section 31 of the Liquor Tax Law as to hotels, and did not and do not comply with all laws, ordinances, rules and

68

regulations of the state and locality pertaining to the building, fire and health departments applicable to hotels and hotel-keepers. And more particularly the said premises No. 395 Ellicott street in the city of Buffalo did at the time of the filing of said statement by the defendant as aforesaid, fail to comply with section 31 of the Liquor Tax Law in that there are not and were not ten bedrooms above the basement, exclusive of those occupied by the family and servants of the occupants, properly furnished to accommodate lodgers, and each having at least eighty square feet of floor area, with independent access to each room by a door opening into a hallway. Four of the bedrooms in said premises have no entrance to the hallway. Four of them contain less than eighty square feet of floor area, and six of them are unfurnished, there being but ten in all. Three of them are occupied by a family who use one of the bedrooms as a dining room. And that for that reason the said Speidel was not entitled to receive, and is not entitled to hold, said certificate."

Further facts are stated in the opinion. ·

*Moses Shire* for appellant. No false statement was made by Speidel, the appellant herein, in his application, and the court erred in revoking the certificate. (L. 1896, ch. 112, § 25.)

*N. N. Stranahan* for respondent. The appellant was not entitled to receive, and after receiving was not entitled to hold, the liquor tax certificate in question, and the same was properly revoked in this proceeding. (L. 1896, ch. 112, § 25 ; *Matter of Barnard*, 48 App. Div. 423.) The allegation of the petition that the answer to question No. 26 contained in the statement for the certificate was false, is not borne out by the proof, for the question was, in fact, not answered at all by applicant ; but by reason of his failure to answer he was not entitled to receive, and was not entitled to hold, the certificate. (*Matter of Lyman*, 28 Misc. Rep. 278 ; *Freeman* v. *Cooke*, 6 Dowl. & L. 187 ; *Pickard* v. *Sears*, 6 Ad. & El. 469 ; *Gregg* v. *Wells*, 10 Ad. & El. 90 ; *Marvin* v. *U. L. Ins. Co.*, 85 N. Y. 278.)

LANDON, J.   It is not disputed that the application made by the appellant for a hotelkeeper's license or certificate was defective in that it contained no answer to question No. 26. The appellant voluntarily surrendered the certificate before this proceeding was commenced.   The first question presented by the appeal is whether the defendant's failure to answer question No. 26 in his application was a false answer.   The practical question with the defendant is whether he is entitled to the rebate of the tax paid by him for the unexpired part of the license year.   The petition for the cancellation of the certificate alleged in its fourth paragraph as grounds therefor that a material statement in the application for the certificate was false, namely, the answer to question No. 26 therein. The question was not answered at all, and the argument is that the failure to answer was intended as an affirmative answer, or was equivalent to it.   Plainly, no answer is not an affirmative answer; rather it suggests that an affirmative answer could not be made.   The evidence shows that an affirmative answer would have been false.   We cannot suppose that, if the officer whose duty it was to examine the application had carefully performed that duty, he would have issued the certificate.   We may rather suppose that the officer negligently assumed an affirmative answer.   The evidence does not support the finding of a false answer, and in that respect does not sustain the order appealed from.   The question remains whether it can be sustained upon any other ground. Other grounds were set forth in the 5th, 6th and 7th paragraphs of the petition for cancellation.   The matter came before the Special Term upon the defendant's demurrer to the petition and other objections; these were overruled, the proceeding was referred to a referee to take and report the evidence, and it was further " Ordered, the petitioner consenting thereto, that the allegations contained in the petition, being the allegations contained in paragraphs Nos. 5th, 6th and 7th, other than those charging false statements made in the application for the certificate in question, be and the same are hereby stricken out."

The respondent contends that, after striking out all statements in said paragraphs other than those charging false statements made in the application for the certificate, enough remain to present the issue, whether, apart from the alleged false statement, the appellant was entitled to hold such certificate. As at the time this proceeding was commenced the appellant did not hold the certificate, but had prior thereto voluntarily surrendered it, the issue as to his right to hold it is academic so far as it operated as a license to defendant to continue the sale of liquor, and is practical only so far as it involves the defendant's right to receive the rebate of the money for the unexpired part of the license year. Section 25 of the Liquor Tax Law provides that, if within thirty days from the receipt of the certificate for cancellation, proceedings shall be instituted for its revocation and they be determined against the holder, all rebate thereon shall be forfeited. The question, therefore, is not whether his license could be canceled if he still held it, but whether it can be canceled for the sole purpose of forfeiting the rebate. The argument that as he was not entitled to receive the certificate, he was not entitled to hold it, may be effective to deprive him of it as a license, and not effective to forfeit his right to the rebate. In the former case the statute should be construed so as to accord to fraud no favor; in the latter case it should be so construed as not, by a hostile construction of doubtful phrases, to visit a penalty or forfeiture upon a former certificate holder. The statute (Sec. 28, subdv. 2) states three grounds of cancellation : 1st, material false statements in the application for the certificate ; 2nd, violation of any provision of this law, conviction for which would cause a forfeiture of such certificate ; 3d, or for any other reason that he was not entitled to hold such certificate. It will be seen that the statute so specifies the first and second grounds that the certificate holder can understand what they are, but when he comes to the third provision, he finds that in place of a specific ground so stated that he can understand it, "any other reason" is substituted. What is "any other reason ?" In the absence

of statutory specification, is the certificate holder remitted to conjecture, and must he conjecture aright under penalty of forfeiture of all rebate after he has voluntarily surrendered his certificate for cancellation ?   Forfeitures are odious in law. Where the forfeiture, after the voluntary surrender of the certificate, rests upon " any other reason " than the grounds specifically stated in the statute, we think it should appear in the statute itself, or in some other statute, what is meant by the phrase " any other reason."   It should not be left to the accuser to devise it, or for the court to spell it out in penal cases from reasons of public policy.   But if it could be thus devised, such reason should be clearly stated in the charge against the defendant.   Here the charge is that the defendant's answer to question No. 26 was false, and then follow specifications of such alleged falsity, closing with this conclusion of law : " And for that reason " (namely, the false statement as thus shown by the specifications) " the said Speidel was not entitled to receive and is not entitled to hold such certificate." Thus the respondent infers that, although the charge of a false statement cannot be sustained, the specifications in support of the charge do not fall with the charge itself, but may be used to imply and define some reason permissible to be implied by the phrase " any other reason," and thereupon the defendant may be convicted of not being entitled to hold the certificate.

We cannot concur in this view when the revocation of the certificate is made the instrument of forfeiture in proceedings taken after the voluntary surrender of the certificate.   We, therefore, hold that when the charge of making a false statement failed, no other charge remained upon which the defendant's certificate could be revoked or canceled.

The order should be reversed and proceedings dismissed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and CULLEN, JJ., concur, and VANN, J., concurs in result.

Order reversed, etc.