PEOPLE ex rel. ERNEST OCHS, Incorporated, v. HILLIARD, Special
Deputy Excise Com'r.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—ISSUANCE—FRAUDULENT
APPLICATION—ASSIGNMENT—RIGHTS OF ASSIGNEE.

Where a liquor tax certificate was issued to two persons on their false representation that one of them was a citizen and resident of the state, and that he was a partner of the other and owned a one-half interest in the business, as required by Liquor Tax Law, § 23, subd. 5, an assignee of the certificate, who advanced the amount necessary to pay the tax in good faith, could not compel a refund on subsequent surrender of the certificate.

O'Brien, J., dissenting.

Appeal from Special Term, New York county.

Mandamus by the people, on the relation of Ernest Ochs, Incorporated, against George Hilliard, special deputy excise commissioner. From an order denying relator's application for a peremptory writ, and dismissing an alternative writ, to compel a refund on subsequent surrender of a liquor tax certificate, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Abraham Benedict, for appellant.
Herbert H. Kellogg, for respondent.

LAUGHLIN, J. The relator conducts a brewery. It advanced to Carl Schramek and Gustave Korn, who applied to the excise department for a liquor tax certificate, the amount necessary to pay the liquor tax, and took an assignment of the certificate, containing the usual power of attorney authorizing the brewery to surrender the certificate and receive any rebate to which the holders might become entitled. The saloon was destroyed by fire, and was not rebuilt. The relator applied to the commissioner of excise for the cancellation of the certificate, and for a rebate receipt, which was refused; and this proceeding was instituted to enforce that demand.

It is conceded that Schramek was not a citizen of the United States at the time the application was made for a liquor tax certificate. Section 23 of the liquor tax law (Laws 1896, c. 112) enumerates the persons to whom liquor tax certificates shall not be issued; and subdivision 5 thereof provides as follows: "No copartnership

unless one or more of the members of such copartnership, owning at least one-half interest in the business, shall be a resident of this state and a citizen of the United States." Korn was a resident of this state and a citizen of the United States. It was stated in the application that Schramek and Korn were copartners, that Korn was a citizen and a resident of the state and owned a one-half interest in the business. The proceeding was resisted by the commission upon the ground that the representation contained in the application concerning this copartnership and Korn's interest therein was false. The evidence clearly shows that they were not copartners in fact. They represented that they were copartners, and, doubtless, they would be liable as such to persons dealing with them on the strength of these representations. The relator contends that it is innocent, and, having parted with its money on the faith of the liquor tax certificate issued by the state, and in ignorance of the fact that they were not copartners, it should be protected and permitted to recover the rebate. The state is also innocent, and there is nothing upon which to base an estoppel. Its officers were deceived, and led to issue the certificate by the fraud, if not perjury, of the relator's assignors.

The relator's claim against the excise department is founded on the liquor tax certificate which has been assigned to it. Manifestly, the right of the assignee to the rebate is no greater than would be that of its assignors had not the certificate been assigned. People v. Lyman, 156 N. Y. 407, 50 N. E. 1112; People v. Cullinan, 168 N. Y. 258, 61 N. E. 243. The contract between the people of the state and those to whom the liquor tax certificate was issued, with reference to allowing any rebate, was conditioned upon the truthfulness of their application and their right to hold a liquor tax certificate; and any false statements in the application in that regard vitiated the certificate in their hands, and in the hands of their assignee as well. Section 25, Liquor Tax Law; Lyman v. Schermerhorn, 167 N. Y. 113, 60 N. E. 324; People v. Cullinan, supra; People v. Lyman, 59 App. Div. 172, 69 N. Y. Supp. 111. Inasmuch as they were not eligible to traffic in the liquor business, the certificate issued to them on their false representation was void, and no right to recover rebate can be founded thereon.

It follows that the order should be affirmed, with costs. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. I dissent, thinking that the Legislature did not intend in such a case that a forfeiture should be enforced. In Matter of Lyman, 163 N. Y. 536, 57 N. E. 745, the court said:

"At the time this proceeding was commenced the defendant did not hold the certificate, but had prior thereto voluntarily surrendered it. * * * The question, therefore, is not whether his license could be canceled if he still held it, but whether it can be canceled for the sole purpose of forfeiting the rebate. The argument that, as he was not entitled to receive the certificate, he was not entitled to hold it, may be effective to deprive him of it as a license, and not effective to forfeit his right to the rebate. In the former case, the statute should be construed so as to accord to fraud no favor; in the latter case, it should be so construed as not, by a hostile construction of doubtful phrases, to visit a penalty or forfeiture upon a former certificate holder. * * * Forfeitures are odious in law."

These words apply even more forcibly in the case at bar, wherein a third party who, innocent of any misrepresentation on the part of those who held the certificate, advanced the money which paid for the certificate, and is now seeking its repayment, the business having been discontinued and abandoned, and the certificate destroyed by fire two weeks after it was issued. The privileges granted by it were thus never enjoyed; no attempt or intention exists to do business under it; and no proceedings of any kind have been instituted to revoke the certificate. Under such circumstances, the policy of the state has been to refund moneys advanced for benefits not received; and if the state is not to lend its aid to what amounts to a fraud upon the petitioner —taking the view of the trial court that no partnership in fact existed between the holders of the certificate—the money advanced by the relator should justly be returned to it.

Upon the ground, therefore, that this case is not such as warranted the commissioner in refusing to grant the petitioner the rebate sought, I think that the application for the peremptory writ of mandamus should have been granted, and that the order and judgment appealed from should be reversed.