(48 Misc. Rep. 159.)

### PEOPLE ex rel. LOUGHRAN v. FLYNN.

(Supreme Court, Special Term, New York County. August, 1905.)

1. HABEAS CORPUS—RETURN—EFFECT.

A return to a writ of habeas corpus, which showed a commitment regular in form, directing that applicant be held to answer for a violation of the liquor tax law, and showed upon its face that the magistrate had jurisdiction to commit, required the dismissal of the writ.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Habeas Corpus, § 79.]

2. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATE—NATURE AND ATTRIBUTES.

Liquor tax certificates, though differing in some respects from excise licenses and having additional value are property only in a qualified and restricted sense.

[Ed. Note.—For cases in point, see vol 10, Cent. Dig. Constitutional Law, § 762; vol. 29, Cent. Dig. Intoxicating Liquors, §§ 103–105.]

3. CONSTITUTIONAL LAW—REVOCATION OF LIQUOR CERTIFICATE—DUE PROCESS OF LAW.

The failure of Laws 1905, p. 1862, c. 697, providing for the revocation of hotel liquor tax certificates, which have been issued for a place which does not comply with the provision for liquor laws as to hotels, to provide for notice of all proceedings therein, does not render the statute unconstitutional, nor does a revocation of such a certificate after such proceedings constitute a deprivation of property without due process of law.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, §§ 762, 780.]

4. SAME—IMPAIRMENT OF OBLIGATION OF CONTRACTS.

Laws 1905, p. 1862, c. 697, authorizing the revocation of liquor tax certificates issued to hotels which do not comply with the law, is not objectionable as impairing the obligation of contracts.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional Law, § 300.]

Application for a writ of habeas corpus to be released from detention upon the charge of having trafficked in liquor at No. 2353 Third avenue, New York City, without any liquor tax certificate in the premises other than one which had been duly revoked under the provisions of the liquor tax law.

Julius M. Mayer, Atty. Gen. (William E. Schenck, H. H. Kellogg, and S. B. Mead, counsel by courtesy), for state commissioner of excise.

William T. Jerome, Dist. Atty., for respondent.

FITZGERALD, J.   For return respondent submits a commitment, regular in form, directing that relator be held to answer to the Court of Special Sessions for a violation of the liquor tax law.' From the face of this paper it appears that the magistrate had jurisdiction to commit.   This return would require a dismissal of the writ.   A statement purporting to be a traverse, however, has been filed, which sets forth facts admitted to be true, by which it is established that relator was the holder of a liquor tax certificate issued prior to the passage of chapter 697, p. 1862, of the Laws of 1905; that after this enactment (acting under one of its provisions) his certificate was revoked by the special deputy commissioner of excise for the borroughs of Manhattan and the Bronx, upon the report of the superintendent of buildings; and that such proceeding was without notice to him.   It is claimed that the revocation so made was void in law, and that the act authorizing it is unconstitutional, in that it fails to provide for notice to holders and assumes to deprive them of property without a hearing, or, in other words, "without due process of law."   It is true that under the statute at present regulating traffic in liquors tax certificates have been held to have characteristics and value which did not attach to excise licenses under former laws (McNeeley v. Welz 166 N. Y. 124, 59 N. E. 697), but when they are referred to as property it is manifest that the term is applied in a qualified and restricted sense. It cannot be seriously contended but that in the exercise of the police power regulations may be adopted involving the destruction of property without compensation to the owners.   Cooley, Const. Lim. (5th Ed.) 721; Wynehamer v. People, 13 N. Y. 378.   The Legislature could repeal the act and every privilege granted under it would cease; property interests might suffer, but in a legal sense no property right would have been invaded, for, as was said in People ex rel. Linsfeld v. Murray, 4 App. Div. 185, 38 N. Y. Supp. 909, affirmed 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344:

"It would be inherently and essentially an exercise of the police power of the state."

If, then, without notice, every substantial privilege may be revoked by repeal, it would be difficult to hold (for the sole reason that notice is not required to be given of all proceedings taken under it) that a provision purely remedial in character is repugnant to the fundamental law.   It is also claimed that the act tends to impair the obligations of a contract, but that position is untenable, for the reason that, assuming the certificate to constitute a contract between the state and the holder, it was only such contract as the parties thereto were capable of making.   If it gave the holder certain rights for the term of one year it was only upon the implied condition that the act remained in force for that period.   Matter of Hilliard, 25 App. Div. 222, 49 N. Y. Supp. 286.   If the certificate was obtained by false material statements relator was never the holder of a valid tax certificate (People ex rel. Ochs v. Hilliard, 81 App. Div. 71, 80 N. Y. Supp. 792, affirmed

178 N. Y. 582, 70 N. E. 1106), and the state, upon discovery of the misrepresentations, would be entitled to rescind. If otherwise, the proof thereof would be a perfect defense upon a trial. In determining this important question of constitutionality I do not desire to be understood as expressing any opinion upon the general features of this very drastic act, as I have only considered such provisions thereof as were material to the single issue presented. In the language of an authority of the highest repute:

"The constitutional and unconstitutional features may even be contained in the same section and yet be perfectly distinct and separable, so that the first may stand and the last fall." Cooley, Const. Lim. (7th Ed.) 247.

Upon the return and all the papers submitted the writ allowed herein must, for the reasons assigned, be dismissed.

Writ dismissed.