(84 Misc. Rep. 594)

### In re FARLEY, State Excise Com'r.

(Supreme Court, Special Term, New York County.　March, 1914.)

1. INTOXICATING LIQUORS (§ 59*)—LIQUOR TAX CERTIFICATE—RIGHT TO PROCURE.

Where there has been a conviction for maintaining disorderly premises in violation of Penal Law (Consol. Laws, c. 40) §§ 1146, 1530, at a place where liquor traffic was lawfully carried on prior to the enactment of the Liquor Tax Law (Consol. Laws, c. 34) § 15, subd. 8, forbidding such traffic within 200 feet of a schoolhouse, such statute forbids the issuance of a certificate for such premises as long as the schoolhouse exists.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 59; Dec. Dig. § 59.*]

2. INTOXICATING LIQUORS (§ 59*)—LIQUOR TAX CERTIFICATE—RIGHT TO PROCURE—CONSENT.

The Liquor Tax Law does not authorize the issuance on consent of a liquor tax certificate for premises located within 200 feet of a schoolhouse.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 59; Dec. Dig. § 59.*]

In the matter of the petition of William W. Farley as State Commissioner of Excise, for an order revoking and canceling Liquor Tax Certificate No. 4768, issued to Gustav Schultz. Application granted.

A. M. Sperry, of Albany, for petitioner.
Fitch, Mott & Grant, of New York City, for respondent.

GREENBAUM, J.　This is an application to revoke a liquor tax certificate issued under subdivision 1 of section 8 of the Liquor Tax Law, for the excise year beginning the first day of October, 1913.　The facts are that the premises in question were lawfully occupied for the trafficking in liquors on March 23, 1896, when the Liquor Tax Law took effect.　On September 30, 1912, one Max Enoch was convicted in the Court of Special Sessions of the city of New York for violation of sections 1146 and 1530 of the Penal Law on the charge of keeping a disorderly house at the licensed premises.　No appeal was taken from the judgment of conviction.　Enoch was the employé of the holder of the liquor tax certificate issued for said premises, and as a consequence of the conviction the certificate was ipso facto forfeited, and no new certificate was issuable for said premises to any person for a period of one year from the date of the conviction.　Liquor Tax Law, § 15, subd. 8.　At the expiration of the year the respondent applied for and received the certificate which the petitioner seeks by this proceeding to have revoked.　The premises in question are within 200 feet of a public school building.　In his application for the certificate the respondent truthfully disclosed every material fact required by law, including a statement of the conviction above set forth and of the location of a schoolhouse within 200 feet of the licensed premises, but it is alleged in the petition in this proceeding that the respondent in the concluding paragraph of his application falsely stated "that he may

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lawfully carry on such traffic in liquor upon said premises under subdivision 8 of section 15 of the Liquor Tax Law, and he is not within any of the prohibitions of said law." If the petitioner had exclusively rested upon this alleged false statement, it would be the duty of the court to dismiss the petition upon the ground that the statement was merely a conclusion of law based upon the facts set forth in the petition, from which the official charged with the duty of issuing certificates could have determined whether the applicant was lawfully entitled to the issuance of a certificate. The statement of a conclusion of law, although erroneous, was wholly immaterial, and would not warrant a revocation of the certificate upon the ground that it was a false statement of fact. Matter of Hawkins, 165 N. Y. 188, 191, 58 N. E. 884. But the petition in this case goes further than to merely set forth the alleged erroneous conclusion of law. It alleges facts which in effect indicate that the petitioner seeks a revocation of the certificate upon the ground that the respondent was not entitled either to receive or hold it under the provisions of the Liquor Tax Law, specifying with particularity the issuance of the previous certificate affecting the premises, the conviction of Enoch on the charge of keeping a disorderly house on said premises, the forfeiture of the certificate, the subsequent application containing the statement of the conviction and of the fact that a building exclusively occupied as a schoolhouse existed within 200 feet of the premises, and concludes with the allegation that "by reason of which the said applicant, Gustav Schultz, might not lawfully carry on the traffic of liquors at said premises, and did and does come within the prohibitions of said Liquor Tax Law." The respondent relies upon Matter of Lyman, 163 N. Y. 536, 57 N. E. 745. But in that case it appears that certain allegations of the petition had been stricken out, leaving no grounds upon which a revocation would be justified, a radically different situation from that under review, where the petition specifically sets out facts which, as is hereafter shown, are sufficient in themselves to require the court to revoke the license upon the ground that the respondent was not entitled to its issuance upon the undisputed facts. The respondent thus was fully apprised of the grounds upon which the petitioner based his prayer for a revocation of the certificate, and the allegations of false representations may be treated as surplusage.

[1] The question is therefore squarely presented whether under the Liquor Tax Law a certificate may be issued for premises situated within 200 feet of a schoolhouse, where a forfeiture of the previous certificate resulted from a conviction on the charge of keeping a disorderly house. Section 27, subdivision 2, of the Liquor Tax Law provides that a liquor tax certificate issued under section 8—

"may be revoked and canceled if material statements in the application of the holder of such certificate were false, or if the consents required by section 15 are not properly filed as required by said section, or if the holder of said certificate was not for any reason entitled to receive or hold the same, or to traffic in liquors, or if any provision of this chapter is violated at the place designated in said certificate as the place where such traffic is to be carried on by the holder of said certificate, or by his agent, servant, bartender or any person whomsoever in charge of said premises, or if the holder of said certificate shall violate any of the provisions of this chapter at any place."

The question is whether upon the concededly truthful statements in his application the respondent "was entitled to receive or hold" the certificate, or, in other words, whether the official issuing the certificate had any authority to issue it upon the statements. Section 23, subdivision 2, of the Liquor Tax Law prohibits the sale of liquor within 200 feet of a building exclusively used as a schoolhouse or church. It is also provided that "this prohibition shall not apply to a place which on the 23d of March, 1896, was lawfully occupied for a hotel, nor to a place in which such traffic in liquors was actually lawfully carried on at that date," nor "to any place within the above prescribed limit of a building occupied exclusively as a church, if, simultaneously with the filing of an application statement descriptive of such traffic, there shall be filed a consent in writing that such traffic in liquors be so carried on during a term therein stated, executed by the corporation, association or society using such building as a church, or the duly authorized agent thereof, and acknowledged as are deeds entitled to be recorded," and it is further provided that the exceptions just mentioned shall not be applicable "to any of the places enumerated in this subdivision which shall have had a liquor tax certificate for trafficking in liquors in such place revoked after the first day of May, 1905, or forfeited for any violation of law committed after the first day of May, 1908, providing the violation of law for which such revocation or forfeiture was had was either that the certified premises had been suffered or permitted to be disorderly or that gambling had been suffered or permitted therein, unless consent as hereinbefore provided shall thereafter be obtained and filed."

[2] The Liquor Tax Law contains no provision permitting the issuance of a liquor tax certificate for premises located within 200 feet of a schoolhouse upon consent. It follows that where, as here, there has been a conviction for maintaining disorderly premises, where liquor traffic was lawfully carried on prior to the enactment of the law forbidding the issuance of certificates for premises situated within 200 feet of a schoolhouse, the statute forbids the issuance of a certificate for said premises as long as the schoolhouse exists. In other words, the exception existing in favor of places in which the traffic in liquors was lawfully conducted prior to March 23, 1896, is not available after revocation or forfeiture of a liquor tax certificate for the violations of law specified. The legislative intent obviously was to protect children from the contaminating influences of close proximity to places engaged in the traffic of liquors, regardless of the consent of dwelling owners or occupants of premises located within the prescribed area. There is no alternative but to order a revocation of the certificate. As the question here involved apparently has not been heretofore adjudicated I have concluded, if the respondent desires to appeal from the order to be entered herein, to grant a stay of proceeding, provided, however, that he prosecute his appeal with all reasonable dispatch, and upon conditions to be fixed in the order, which may be settled upon notice.

Ordered accordingly.