In the Matter of the Application of the TRUSTEES OF CALVARY PRESBYTERIAN CHURCH, Petitioner, for a Certiorari Order against THE STATE LIQUOR AUTHORITY and Others, Respondents.

Fourth Department, June 26, 1935.

*Lansdowne & Lansdowne* [*Richard H. Templeton* of counsel], for the petitioner.

*Nelson Ruttenberg* [*Lester H. Schreiber* and *Monroe I. Katcher, II*, of counsel], for the respondents State Liquor Authority and Erie County Alcoholic Beverage Control Board.

*Benjamin Franklin* [*Samuel E. Chasin* of counsel], for the respondent Philip Amigone.

THOMPSON, J. The local board disapproved respondent Amigone's application for an on-premises consumption license to sell liquor, wine and beer, upon the ground that the premises were on

the same side of an avenue, and within 200 feet of a building occupied exclusively as a church. Upon review, the Liquor Authority took a contrary view, and issued the license.

The case comes to us in certiorari, on the petition of the church, pursuant to section 121 of the Alcoholic Beverage Control Law, which authorizes the proceeding, and under sections 1290 and 1304 of the Civil Practice Act, which prescribe the method for starting it, set up the questions to be determined, and the tests to be applied in their determination. The provisions of the Alcoholic Beverage Control Law which must be applied are as follows:

" § 64. License to sell liquor at retail for consumption on the premises.

" 1.   *    *

" 2.   *  *  *

" 3.   *  *  *

" 4.   *  *  *

" 5.   *  *  *

" 6.   *  *  *

" 7. No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship; the measurements to be taken in a straight line from the center of the nearest entrance of such school, church, synagogue or other place of worship to the center of the nearest entrance of the premises to be licensed."

The sole question to be decided is, is petitioner's building occupied exclusively as a church or place of worship?

The church edifice is a substantial structure of stone and brick. It is assessed at upwards of $200,000 and the trustees carry fire insurance of $108,000 upon it. It is adequately equipped and furnished for church service purposes as generally understood. It has a pastor, who is an ordained minister of the gospel. It is a regularly organized Presbyterian church; is a member and constituent unit of the Presbytery of Buffalo-Niagara, as appears by the records of the General Assembly of the Presbyterian Church for the year 1934. It has a communicant membership of fifty-four. The usual services of worship are according to the Presbyterian faith, consisting of a preaching service, and sessions of the Sunday School on each Sabbath have been continuously conducted since its organization in 1861 to the present. It administers the communion at stated intervals. It is available and is used for funeral and wedding services. It is supported by voluntary contributions; has a budget and does not receive assistance from sources other than its own membership. The congregation being small, the

services are at present held in the chapel of the church, in order to save the expense of heating and upkeep of the large auditorium. The church has elders, deacons, a board of trustees, clerk of the session, and is in all respects an active, authorized Presbyterian church in good standing and membership with the Presbytery. The church building is also occupied by a congregation of the General Spiritualist Church, which has a pastor and maintains stated religious services of worship on each Sunday, and at various times during the week. Respondents' contention, that the services of the Spiritualist congregation, which meets in petitioner's building, do not constitute worship within the meaning of the statute, is pointless. The plans of the services carried on in the church by the Presbyterian and Spiritualist congregations are similar, and of the type usually followed in devotional meetings of Christian people. Neither as matter of law or fact can it be said that the use each body makes of the building does not constitute and characterize it a place of worship within the meaning of the statute. It is not essential that the persons meeting together under these auspices should be incorporated or hold to any tenet or creed. (*Matter of Lyman*, 29 App. Div. 390.) In a legal sense religious worship has no technical meaning. (*State* v. *Norris*, 59 N. H. 536.) Denomination, place or mode of worship is not essential. "The open fields, the woods, or a house erected for religious worship, are alike within its terms; and so long as it is religious worship, it makes no difference whether the worshippers are Christians or pagan idolaters." (*Rogers* v. *Brown*, 20 N. J. L. 119, 120; 7 Words & Phrases, 6067.)

It appears that the sexton's apartment, which is in a part of the building located just over the chapel at the rear of the church, was occupied by a person not the sexton of the church, for a period of time which expired before the license was granted, at a nominal rental. The apartment was not needed for a residence for the sexton during this time. From the nature and use of the apartment, it is at once apparent that this occupancy in no wise changed or modified the character of the premises as a building exclusively used as a church. It was incidental, and not inconsistent with the primary and paramount use of the building for the holding of religious services, and was not of a nature to detract from the predominant character of the building as a place of worship. (*People ex rel. Clausen* v. *Murray*, 5 App. Div. 441.)

Because of the many evils attendant upon traffic in liquor, it is subject to regulation by the State in the exercise of its police power. It is fundamental that regulations by way of exceptions in respect to churches and schools must be liberally construed in their favor, and strictly against applicants for licenses to sell liquor, wine and

beer, within prescribed distances. (*Matter of Hering*, 133 App. Div. 293, 295; affd., 196 N. Y. 218; *Matter of Place*, 27 App. Div. 561, 568; affd., 156 N. Y. 691.)

The strength or weakness of this organization, the number of its members, the effectiveness of its ministry, its benefit to the community, the likelihood of its continued existence; these and similar questions are not pertinent to the decision we must make. If this is a church in the sense that its building is used exclusively for a place of worship, the statute, as well as public policy, forbids the maintenance of a retail liquor business within two hundred feet of it. We have come to the opinion that petitioner's building is used exclusively for church and worship purposes, and that the determination of the Liquor Authority that it is not, is, contrary to and against the weight of the evidence.

It follows that the determination should be annulled, with fifty dollars costs and disbursements.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Determination annulled, with fifty dollars costs and disbursements.