832

■ In the Matter of CHINA CITY, INC., Respondent, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— In a proceeding under article 78 of the Civil Practice Act, to annul a determination of the New York State Liquor Authority, denying the petitioner's application for a new restaurant liquor license, the Authority appeals from an order of the Supreme Court, Kings County, dated June 17, 1963, which annulled its determination and directed it to issue such license. Order affirmed, with costs. The Authority denied the application upon the ground that its disapproval was mandatory under the provisions of subdivision 7 of section 64 of the Alcoholic Beverage Control Law, which forbids the issuance of a license where the premises for which the license is sought are located on the same street and within 200 feet of a building which is "occupied exclusively as a school, church, synagogue or other place of worship." The building here involved is a parish house in which no public or private elementary or high school is conducted, but only a Sunday school and Wednesday afternoon released-time classes for religious instruction. No church services are ever conducted therein; the second-floor apartment houses either the curate or the sexton and his family; there are offices for certain lay officers of the parish. The building is used for boy scout meetings, for graduation services for a local unaffiliated nursing school, for social meetings of a young people's group, and for card parties and social functions of the church members. In our opinion, the building in question is not being used "exclusively as a school, church * * * or other place of worship" within the meaning of the statute which forbids the issuance of a license for premises within 200 feet of such edifices (cf. *Matter of Finley* [*Davidson*], 58 Misc. 639; *Matter of Rupp*, 55 Misc. 313, affd. 122 App. Div. 891; *Matter of Mandelcorn* v. *Bruckman*, 266 App. Div. 908, affd. 292 N. Y. 543; *Matter of Norton* v. *O'Connell*, 282 App. Div. 744, app. dsmd. 306 N. Y. 843; *Matter of Cup & Saucer Cottage Rest.* v. *New York State Liq. Auth.*, 19 A D 2d 597). Distinguishable are cases wherein the subject building was predominantly an actual place of worship or a school and where it was alleged that other activities conducted therein diluted its character as a place of worship or learning (e.g., *Matter of Trustees of Calvary Presbyt. Church* v. *State Liq. Auth.*, 245 App. Div. 176, affd. 270 N. Y. 497; *People ex rel. Clausen* v. *Murray*, 5 App. Div. 441). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.