■ J. P. CAMPBELL COLLEGE et al., Appellants, v. MORRIS GELLER et al., Defendants. BERNARD R. LIEBERMAN, Respondent.— Order entered October 14, 1965, denying plaintiffs' motion to resettle the order dated June 16, 1965, affirmed, without costs and disbursements. Order entered June 23, 1965, confirming the report of a Special Referee regarding the amount of an outgoing attorney's lien modified on the law and the facts, without costs and disbursements, to the extent of conforming the judgment with the stipulation entered into before the Referee, and otherwise the order is affirmed, without prejudice to any other action plaintiffs may be advised to take regarding the stipulation. The judgment entered deviates from the stipulation in certain material respects. Thus, the stipulation makes no provision for the entry of a judgment against plaintiffs in the amount of the lien. Hence, the order should not have included any such decretal paragraph. The provision for interest on such judgment must perforce fall with the elimination of the judgment provision. So, too, the disposition in the judgment of the alleged claim of conflict of interest does not conform to the stipulation. There is no predicate in the stipulation for the broad finding in the judgment that "no such conflict of interest existed". The stipulation merely provides for the withdrawal of the claim of conflict of interest asserted against the outgoing attorney. Hence, the judgment should be limited to the withdrawal of the claim of conflict of interest solely against the outgoing attorney. Accordingly, the judgment should be amended as indicated hereinabove. Settle order on notice. Concur — Breitel, J. P., Rabin, Stevens and Eager, JJ.; Valente, J., deceased.

■ In the Matter of YI HO GARDEN, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination denying petitioner's application for a restaurant liquor license unanimously annulled, on the law, and the matter remanded to the State Liquor Authority for the purpose of processing the application, with $50 costs to petitioner-appellant. Denial by the Authority of a restaurant liquor license to petitioner was premised on the proximity of a church. The record, however, establishes beyond reasonable argument that the building in question, for the proximity of which the application was denied, was not used exclusively or predominantly as a church with only incidental uses being devoted to nonchurch purposes (Alcoholic Beverage Control Law, § 64, subd. [7]; cf. *Matter of China City* v. *New York State Liq. Auth.*, 19 A D 2d 832). On the contrary, the evidence of use, the testimony of neighbors, and especially the testimony of the director of the building enterprise, negatived exclusiveness as well as claim of exclusiveness (as distinguished from any waiver of any restriction) for church purposes. Consequently, the finding of exclusiveness was arbitrary and without substantial evidence. The added make-weight finding by the Authority that there would be a hazard to law enforcement by licensing an additional liquor-dispensing restaurant in this busy "Chinatown" area in proximity to the church is no more strongly based. Beside the conclusory statement there is nothing to support this finding, and all the testimony of affected persons is to the contrary. Concur — Breitel, J. P., McNally, Stevens Eager and Steuer, JJ.