■ In the Matter of MULTI MILLION MILES CORP., Respondent, v STATE LIQUOR AUTHORITY, Appellant.—Judgment, Supreme Court, New York County, entered February 26, 1976, *inter alia,* directing respondent to issue a restaurant liquor license to petitioner, reversed, on the law, and respondent's determination, mandatorily disapproving petitioner's restaurant liquor license application, reinstated and confirmed, without costs and without disbursements. Petitioner's liquor license application was denied because its restaurant was located within 200 feet of a building occupied exclusively as a church. (Alcoholic Beverage Control Law, § 64, subd 7.) Special Term found that the use of the fifth floor of the church building five nights a week, albeit rent-free, by a nonaffiliated chapter of Alcoholics Anonymous constituted a nonreligious use sufficient to remove the building from the statutory classification. We disagree. While the regulatory statute uses the phrase "exclusively as a * * * church", the judicial test applied to reach such determination ignores any incidental use of the building not inconsistent with its primary or dominant purpose. *(People ex rel. Clausen v Murray,* 5 App Div 441; *Matter of Trustees of Calvary Presbyt. Church v State Liq. Auth.,* 245 App Div 176, affd 270 NY 497.) Unlike *China City v State Liq. Auth.* (19 AD2d 832), relied on by Special Term, and *Matter of Yi Ho Garden v New York State Liq. Auth.* (25 AD2d 515), relied on by our dissenting colleague, the record before us clearly discloses that the building in question is used predominantly as a church with only incidental use being devoted to nonchurch purposes. While it is true that there are other establishments authorized to sell liquor within the proscribed area, those premises were licensed prior to the date the church acquired its building. (See Alcoholic Beverage Control Law, § 64, subd 7.) And while the licensing of still another restaurant, as our dissenter suggests, "would not tend to corrupt the morals of [the] community", the statute is mandatory and petitioner's relief lies with an appeal to the Legislature, not to respondent or to the courts. Finally, the fact that the church has no objection to the issuance of a license to petitioner is irrelevant, since the expressed public policy of the State may not be waived by the church authorities. (Cf. *Matter of Farley [Schultz],* 84 Misc 594, affd 163 App Div 953, affd 212 NY 591.) Concur—Markewich, J. P., Murphy and Lupiano, JJ.; Capozzoli and Nunez, JJ., dissent in the following memorandum by Nunez, J.: I would affirm basically for the reasons stated by Justice Baer at Special Term. The certificate of occupancy for the church building recites "apartment" as the lawful use of the fifth floor. The apartment is not used for religious or church purposes. In a similar case *(Matter of Yi Ho Garden v New York State Liq. Auth.,* 25 AD2d 515), this court annulled the determination, denying that petitioner's application for a restaurant liquor license based on the proximity of a church, on the ground that the building was not used exclusively as a church. As in *Yi Ho,* this record establishes beyond reasonable argument that the building in question, for the proximity of which the application was denied, was not used exclusively as a church. Further, it makes little sense to deny this restaurant a liquor license since nine licensed premises already exist within 200 feet of the church, one of which

is adjacent to the church itself. The church has no objection to the issuance of the license. The vicinity of Fifth Avenue and 48th Street, Manhattan, abounds with bars and restaurants serving liquor. Surely one more such establishment would not tend to corrupt the morals of that community. Any reason for the 200-foot rule is inapplicable herein. A blind or literal enforcement thereof is arbitrary and unreasonable. Petitioner's substantial investment of $40,000 should not be jeopardized by denial of the liquor license. Special Term properly annulled and directed issuance of the license.