OPINION OF THE COURT
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, the petitioners seek a judgment annulling and canceling the order of the respondent Public Service Commission which authorizes the assessment of a higher than domestic utility rate for services which are provided to the petitioners by the respondent Rochester Gas and Electric Corporation. They seek a further judgment requiring that the applicable domestic utility rate be charged to those churches operating religious schools *682 as an adjunct to the operation of their churches, and within the physical confines of the structure housing the church.
Each of the petitioners herein is a duly organized and existing church formed under the Religious Corporations Law of the State of New York, and each conducts a school on church premises. Gas and electric services to each petitioner are furnished by the respondent Rochester Gas and Electric Corporation. It notified petitioners that the operation of a school as conducted by them, was for other than religious purposes, because secular subjects were being taught as well as religious subjects. Petitioners appealed to the respondent New York State Public Service Commission (PSC) seeking a determination that the practice by Rochester Gas and Electric Corporation was improper and not in accordance with section 76 of the Public Service Law. The Public Service Commission denied the application to prohibit the assessment of the higher rate, and this proceeding ensues therefrom.
At issue is whether the existence of a church-operated school, teaching secular and religious subjects, within the physical confines of the premises utilized as the church, is an operation so as to remove that church from the statutory mandate of section 76 of the Public Service Law. That section, in pertinent part provides: “No gas corporation, electric corporation or municipality shall, directly or indirectly, charge, demand, collect or receive from any corporation or association organized and conducted in good faith for religious purposes, a rate for gas or electric service utilized exclusively in connection with such religious purposes greater than the rates or charges charged, demanded, collected or received by such gas corporation, electrical corporation or municipality from domestic consumers within the same village, town or municipality.”
In resolving the above issue, respondents do not challenge the petitioners’ respective affidavits wherein they assert that they view education as a process of building lives and persons, and not merely training the mind, and wherein their students are challenged to exemplify the life of Christ, and where their curriculum materials seek to uphold the absolute truth of scriptures as set forth in the Bible. “The *683 North Star Christian Academy teaches the belief that the Bible is truth and that this truth was spoken by Jesus Christ, God on earth.”
“[T]he Belmont Christian-Academy fulfills the function of teaching the children of the church in accordance with the Word of God * * * [it] finds a Biblical Mandate to bring the children of the members up in the love and admonition of the Lord.”
“The Calvary Hill Christian Academy is the educational arm of faith bible church * * * [it] is a vital aspect of the total church ministry and is not a separate unity. It is inseparable in that it brings the knowledge of the world (i.e., Math, English, History, Science) through the magnifying glass of God’s Word, giving His insight to all the basic aspects of life.”
“All teachers of the Rochester Christian Academy are required to attend the Rochester Christian Church. The Academy is operated and does function as a ministry of the Rochester Christian Church.”
Accepting the above-sworn statements as true, this court must now interpret section 76 of the Public Service Law. “Since the interpretation * * * is ‘one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency’ (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459) and such a determination should be made by the judiciary.” (Matter of Chrysler Corp. v Syracuse Suburban Gas Co., 74 AD2d 473, 476-477.) This court is not bound by the interpretation given the statute by the Public Service Commission in its decision dated March 20, 1980, as the interpretation of the section did not require any special competence or expertise possessed by the administrative agency.
It is conceded that the petitioners are corporations or associations duly organized and conducted in good faith for religious purposes. The issue therefore is whether the services of the Rochester Gas and Electric Corporation are being “utilized exclusively in connection with religious purposes”. The Court of Appeals has specifically held that: “A church *684 is more than merely an ediface affording people the opportunity to worship God. Strictly religious uses and activities are more than prayer and sacrifice and all churches recognize that the area of their responsibility is broader than leading the congregation in prayer * * * To limit a church to being merely a house of prayer and sacrifice, would, in large degree, be depriving the church of the opportunity of enlarging, perpetuating and strengthening itself and the congregation.” (Matter of Community Synagogue v Bates, 1 NY2d 445, 453.) In Matter of Multi Million Miles v State Liq. Auth. (55 AD2d 866), the court held that “While the regulatory statute uses the phrase ‘exclusively as a * * * church’, the judicial test applied to reach such determination ignores any incidental use of the building not inconsistent with its primary or dominant purpose.”
The very purpose of section 76 of the Public Service Law is to express a public policy which recognizes that a house of worship should receive the benefit of a lower gas and electric rate in order to foster the general well-being of such a religious structure. To accept the Public Service Commission’s interpretation of said section would undermine such a purpose, and would unreasonably narrow the scope of said section to the extent that it would become obsolete. A house of worship is more than a place to pray; it is a structure with a religious core out of which emanates multifaceted activities, all of which enhance its general religious goals. Foremost among its varied legitimate purposes is formal education classes, and it would be an unwarranted and unreasonable straining of the statutory language to arbitrarily draw a line between parochial and secular studies taught within the religious structure. Such a narrow interpretation would negate the broad purpose of the section as it was intended to be. If the Public Service Commission’s decision is allowed to stand, section 76 of the Public Service Law would be of no value to any church which allows its facility to be used for such purposes as Boy and Girl Scout troops, Brownie and Cub Scout troops, church suppers, marital counseling sessions, and a whole range of community-related activities, and all of which are part and parcel of a church’s broad area of responsibility.
*685 Accordingly, the petition for a judgment annulling the order of the Public Service Commission authorizing the assessment and charge of higher than domestic utility rates for services provided to the petitioners, and for a further judgment directing that domestic utility rates be charged to those churches operating religious schools as an adjunct to the operation of their churches shall be granted.
This court has rendered no opinion on whether the order of the Public Service Commission constitutes an unconstitutional interference with religion violative of the First Amendment of the United States Constitution, in that the matter has been resolved on the narrower issue of the construction of section 76 of the Public Service Law.