■ In the Matter of WILLIAM H. TAFT, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. — Appeal from a judgment of the Supreme

Court at Special Term (Quinn, J.), entered April 13, 1981 in Warren County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Liquor Authority. This is an article 78 proceeding brought pursuant to section 121 of the Alcoholic Beverage Control Law to review a determination of the New York State Liquor Authority disapproving petitioner's application for an on-premises liquor license for certain premises located on Bay Street, Glens Falls, New York. The license was denied by the authority on the ground that the proposed premises are within 200 feet of a building occupied exclusively as a church in contravention of subdivision 7 of section 64-a of the Alcoholic Beverage Control Law. Special Term annulled the determination concluding that the common entrance to the proposed premises was in excess of 200 feet from the regular entrance of the church and that the church was not being occupied exclusively as a church. Special Term further directed the authority to forthwith issue the license to petitioner. This appeal ensued. The pertinent portion of the statute in question prohibits the granting of an on-premises liquor license for any premises that is on the same street or avenue and within 200 feet of a building occupied exclusively as a school, church, synagogue or other place of worship (Alcoholic Beverage Control Law, § 64-a, subd 7). We will first consider the issue of whether the premises in question are occupied exclusively for church purposes. The purport of the critical word "exclusively" as used in this statute has been considered by the court on several occasions (Matter of Multi Million Miles Corp. v State Liq. Auth., 55 AD2d 866, affd 43 NY2d 774; Matter of Trustees of Calvary Presbyt. Church v State Liquor Auth., 245 App Div. 176, affd 270 NY 497; People ex rel. Clausen v Murray, 5 App Div 441). Applying the test enunciated in those cases to the factual circumstances in the instant case compels us to conclude that the premises in question are not used "exclusively" as a church. The record demonstrates that the church, by a written lease, leased the southeast wing of the building to Liberty House, Inc., a "not-for-profit" corporation, for $5,400 per year. Liberty House is engaged in rehabilitation programs for its patients and is funded by the Tri-County United Way, Inc. The church has no control over the activities of Liberty House. Each has a separate entrance to its portion of the building. Such circumstances do not indicate a function incidental to church work but rather an independent function. Consequently, Special Term properly determined that the church property was not used exclusively as a church. In view of this determination, it is unnecessary to pass on the other issue raised by the parties. The judgment must be affirmed. Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.