■ In the Matter of Coco's ROLLER RINK, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County

(Scott, J.), entered on July 16, 1982, seeking to annul the determination of respondent New York State Liquor Authority, dated April 26, 1982, which denied petitioner's application for an on-premises liquor license, petition granted to the extent of annulling the determination, without costs or disbursements, and remanding the matter for a hearing in accordance with the instant memorandum decision. In denying petitioner's application for an on-premises liquor license, respondent New York State Liquor Authority found that disapproval was mandated under subdivision 7 of section 64 of the Alcoholic Beverage Control Law in that the premises in question, a roller skating rink located at 75 Christopher Street, is within 200 feet of a church. It is the petitioner's contention that the church consists of three interconnected structures, comprising a single building, which are not utilized exclusively for religious purposes. Petitioner further argues that the predominantly nonreligious activities conducted in numbers 79 and 83 Christopher Street contaminate the usage of 81 Christopher Street, the church proper. Although the buildings have separate front entrances, separate addresses, separate listings in the Real Estate Directory, are separately taxed and are constructed of different brick, they do share an interior passageway and a heating plant. Accordingly, there is insufficient evidence to support the administrative finding that the structures are separate and distinct. Moreover, the record is extremely sparse regarding the use of 81 Christopher Street itself. While it is apparently undisputed that the buildings at numbers 79 and 83 are employed for a variety of secular and non-church-related functions, it is unclear whether any activities other than religious worship take place at 81 Christopher Street and, if so, the nature of those activities. (See *Matter of Multi Million Miles Corp. v State Liq. Auth.*, 55 AD2d 866.) Therefore, additional proof is necessary on both the issue of whether the buildings constitute separate structures and the utilization of 81 Christopher Street. Concur — Kupferman, J. P., Sandler, Asch, Lynch and Milonas, JJ.