■ In the Matter of LE PARC GOURMET, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York State Liquor Authority dated September 1, 1982, which denied petitioner's application for a retail on-premises liquor license. Petition granted, on the law, without costs or disbursements, to the extent that the respondent is directed to issue a retail on-premises liquor license to the petitioner. Petitioner owns and operates a restaurant. The respondent, New York State Liquor Authority, denied the petitioner's application for a retail on-premises liquor license upon the ground that its disapproval was mandatory under the provisions of subdivision 7 of section 64 of the Alcoholic Beverage Control Law which forbids the issuance of a license where the premises for which the license is sought is located on the same street and within 200 feet of a building which is "occupied exclusively as a * * * church". According to the report of the respondent's investigator, the building here involved is being used on a regular basis for a number of nonreligious uses over which the church has no control including, *inter alia,* a commercial theatre group, a private teaching program, and concerts. We also note that the acting counsel for the respondent rendered his opinion to the respondent to the effect that on the evidence presented the church was not being occupied exclusively as a church within the meaning of subdivision 7 of section 64 of the Alcoholic Beverage Control Law. On the record before us, it is clear that the conclusion of the respondent that the building in question is being used exclusively as a church within the meaning of the statute which forbids the issuance of a license for premises within 200 feet of such edifices is not supported by substantial evidence and is arbitrary (see *Matter of Multi Million Miles Corp. v State Liq. Auth.,* 55 AD2d 866, affd 43 NY2d 774; *Matter of Taft v New York State Liq. Auth.,* 84 AD2d 623; *Matter of Yi Ho Garden v New York State Liq. Auth.,* 25 AD2d 515; *Matter of China City v New York State Liq. Auth.,* 19 AD2d 832; *Matter of Mandelcorn v Bruckman,* 266 App Div 908). Accordingly, the petition is granted to the extent that the respondent is directed to issue a retail on-premises liquor license to the petitioner. Damiani, J. P., Weinstein, Niehoff, and Boyers, JJ., concur.