■ BRASERO RESTAURANT, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered on September 12, 1990, granting the petition and annulling the State Liquor Authority's determination denying petitioner's application of an upgraded liquor license, unanimously affirmed, without costs.

On June 18, 1987, the petitioner's application for an upgraded license was denied because the establishment is located within 200 feet of a building used for religious purposes. The petitioner requested a hearing at which it presented evidence showing that the building in question was not used exclusively for religious purposes, and that, accordingly, the issuance of a

license would not violate Alcoholic Beverage Control Law § 64-a (7). Nonetheless, the State Liquor Authority found the building was used exclusively for religious purposes and denied the application.

Supreme Court correctly found, contrary to the arguments of the respondent Liquor Authority, that the various uses of the church building in question were not merely incidental, and that the activities occurring within the building were not exclusively religious activities. *(But see, Matter of Multi Million Miles Corp. v State Liq. Auth.,* 55 AD2d 866, *affd* 43 NY2d 774.)* The activities of the church included renting out the auditorium under the church for baseball card shows, jewelry shows, and oriental rug sales, as well as renting out an additional portion of the building as an embassy for the past five years, which clearly does not constitute using the building exclusively for religious purposes. *(Matter of Taft v New York State Liq. Auth.,* 84 AD2d 623.)* Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.