■ In the Matter of RUSSELL A. CAPIZZI, Petitioner, v NEW YORK STATE DIVISION OF ALCOHOLIC BEVERAGE CONTROL et al., Respondents. [647 NYS2d 594] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this CPLR article 78 proceeding, petitioner challenges a determination of the New York State Liquor Authority (SLA) that denied his application for a retail liquor license on that ground that the premises are within 200 feet of a building occupied exclusively as a church (*see*, Alcoholic Beverage Control Law § 105 [3]). We confirm the determination.

Contrary to petitioner's contention, the substantial evidence standard of review set forth in CPLR 7803 (4) does not apply here because the administrative hearing required by Alcoholic Beverage Control Law § 54 (3) merely affords the applicant an opportunity to submit evidence that it wishes the SLA to consider (*see, Matter of Rochester Colony v Hostetter*, 19 AD2d 250, 252-253; *see also*, Siegel, NY Prac § 558, at 875 [2d ed]). It is not an adversarial, quasi-judicial hearing to which the

substantial evidence test applies (*see, Matter of Rochester Colony v Hostetter, supra*, at 252-253; *cf., Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757). Thus, the relevant question is whether the determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious" (CPLR 7803 [3]).

Petitioner concedes that his proposed liquor store is across the street and within 200 feet of the Niagara Falls Christian Fellowship Church. He contends, however, that the building occupied by the church is not used exclusively for church purposes and, thus, disapproval of his application under Alcoholic Beverage Control Law § 105 (3) was arbitrary and capricious. We disagree. The fact that a bridal shower and birthday parties were held at the church, as alleged by petitioner, "in no wise changed or modified the character of the premises as a building exclusively used as a church" (*Matter of Trustees of Calvary Presbyt. Church v State Liq. Auth.*, 245 App Div 176, 178, *affd* 270 NY 497). Those secular activities were incidental and not inconsistent with the use of the building as a church (*see, Matter of Multi Million Miles Corp. v State Liq. Auth.*, 55 AD2d 866, *affd* 43 NY2d 774).

We further conclude that petitioner was not entitled to a license on the ground that a license for the same premises was issued to a delicatessen before the church was established (*see,* Alcoholic Beverage Control Law § 105 [3]). Although in the same building as petitioner's proposed liquor store, the delicatessen occupies different premises (*see, Pierse v Zimmerman*, 255 App Div 708). Finally, petitioner's equal protection argument fails because, even if there are other premises licensed to sell alcohol within the proscribed area, petitioner failed to establish that those premises were licensed *after* the date on which the church acquired its building (*see, Matter of Multi Million Miles Corp. v State Liq. Auth., supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mahoney, J.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.