■ TASTE ME CONCEPTS, Doing Business as FISH, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK STATE LIQUOR AUTHORITY, Appellant. [762 NYS2d 390] —Order and judgment (one paper), Supreme Court, New York County (Rosalyn Richter, J.), entered on or about June 14, 2002, which granted the CPLR article 78 petition and directed issuance of a full on-premises liquor license to petitioner, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

Respondent's denial of petitioner's application for a full on-premises liquor license cannot be properly characterized as arbitrary and capricious. Alcoholic Beverage Control Law § 64 (7) (a) prohibits the issuance of such a license to a restaurant

located within 200 feet of, and on the same street as, a church, and the statute must be strictly construed (*see Matter of Trustees of Calvary Presbyt. Church v State Liq. Auth.*, 245 App Div 176, 178 [1935], *affd* 270 NY 497 [1936]). Although the Neighborhood Church of Greenwich Village is not on the same actual block as petitioner's establishment, both are located on Bleecker Street, within 200 feet of each other.

We reject petitioner's contention that the words "same street" should be interpreted to mean the same block. We must look to the plain meaning of the word "street" (McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 94, 232), and petitioner's suggested interpretation is contrary to the word's plain meaning. The word "street" is commonly understood to encompass multiple blocks, rather than a single block ending at an intersecting street.

Nor does the Church's support of petitioner's application alter our analysis, "since the expressed public policy of the State may not be waived by the church authorities" (*see Matter of Multi Million Miles Corp. v State Liq. Auth.*, 55 AD2d 866, 866 [1977], *affd* 43 NY2d 774 [1977]). Concur—Andrias, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.